The State v. Logan.

THE STATE v. LOGAN, *Appellant*.

Division Two, November 20, 1894.

1. **Criminal Practice:** BILL OF EXCEPTIONS: REFUSAL TO SIGN. Where a defendant, after conviction, escapes from jail and continues out of custody, the trial judge may properly refuse to sign a bill of exceptions, although such defendant had already appealed.

2. ———: ———: MANDAMUS. *Mandamus* is the proper remedy to correct the error of the trial judge in refusing to sign a bill of exceptions.

*Appeal from St. Louis Criminal Court.*—HON. H. L. EDMUNDS, Judge.

AFFIRMED.

*Thos. B. Harvey* for appellant.

(1) The trial court erred in refusing to sign the bill of exceptions. *People v. Genet,* 59 N. Y. 80, is not applicable, for in that case no appeal had been granted, the escape having occurred before sentence. (2) The practice of this and other courts has been to make an order that unless the fugitive returns and submits himself to the jurisdiction of the court within a certain time, and thus purge himself of the contempt, his appeal would be dismissed, or other right denied him, etc. *State v. Carter,* 98 Mo. 431; *Smith v. U. S.,* 94 U. S. (4 Otto) 97; *Leftwitch v. Com.,* 20 Gratt. (Va.) 716; *McGowan v. People,* 104 Ill. 100; *Woodson v. State,* 19 Fla. 549; *People v. Redinger,* 55 Cal. 290. (3) There is an equitable side to this question; it was but natural for the defendant to avail himself of the opportunity for liberty afforded him by a kindly heaven and John D. Shea.

*R. F. Walker,* Attorney General, and *C. O. Bishop,* Assistant Circuit Attorney, for the state.

(1) There is nothing before the court in this cause but the record proper, and upon this there is no error apparent. The indictment is in proper form, and fully complies with the requirements of the statute regarding previous conviction of felony. R. S. 1889, sec. 3959; *State v. Moore,* 26 S. W. Rep. 345. (2) The court very properly refused to sign the bill of exceptions tendered by appellant's attorney, under the circumstances. "The provisions of the statute giving to defendants in

criminal cases the right to make a bill of exceptions are not so absolute as to displace all the other principles which belong to criminal proceeding, but must be taken in subordination to them. We think they do not require courts to encourage escapes and facilitate the evasion of justice, by the state extending to escaped convicts the means of reviewing their convictions." *People v. Genet*, 59 N. Y. 80; *State v. Carter*, 98 Mo. 431. (3) This court has invariably dismissed the appeals of defendants already perfected where it has been shown they were fugitives from justice. *State v. Carter*, 98 Mo. 431.

SHERWOOD, J.—Convicted of burglary in the first degree and of larceny, at the July term, 1891, of the St. Louis criminal court, and sentenced to ten years imprisonment in the penitentiary, defendant appealed to this court and was granted until the last day of the October term, 1891, in which to file his bill of exceptions, the record reciting that the bill of exceptions when so filed, should have the same force and effect as if filed at the present July term.

The bill it seems was indorsed "filed" by the clerk, as shown by his memorandum made by the clerk to that effect duly signed by him and bearing the date of its presentation.

On the last day of the October term, 1891, the following entry of record appears:

"The State of Missouri, plaintiff, ⎫ On indictment for
            *v.*                    ⎬ burglary first de-
"George Logan, defendant.           ⎭ gree and larceny.

"This day comes Thomas B. Harvey, Esquire, attorney for the defendant, and presents a bill of exceptions in said cause, which said bill is conceded by the circuit attorney representing the state to be true, but on motion of the said circuit attorney the court

refuses to sign and seal the said bill of exceptions, for the reason that the said defendant was and still is a fugitive at large, and beyond the control and without the power of the authorities of the state, he having made his escape from the city jail, and having absconded from custody after conviction, and while awaiting the action of the court thereon.''

In August, 1892, the then judge of the St. Louis criminal court died, and during that month the defendant, under a warrant issued for that purpose, was by the sheriff of St. Louis delivered to the warden of the penitentiary.

I. It is contended that the trial court had no right to refuse to sign the bill of exceptions, notwithstanding defendant had escaped from jail, etc., because it is urged that the appeal taken by defendant caused the cause to be pending in *this* court, and consequently the escape and continued absence of defendant could not be a contempt of the *trial* court; but this contention leaves out of view the fact well settled by repeated adjudications, of this court, that though an appeal be pending in the appellate court, yet the trial court has full control and jurisdiction over the *record* in the cause, and may amend any portion of the same as if no appeal had been taken. *DeKalb Co. v. Hixon*, 44 Mo. *loc. cit.* 342; *Jones v. Ins. Co.*, 55 Mo. 344; *Bank v. Allen*, 68 Mo. 474; *Gamble v. Daugherty*, 71 Mo. *loc. cit.* 602. This being the case, the contempt of the trial court was *fait accompli* when defendant failed to appear before that court on presentation of his bill of exceptions in order to have the same signed.

Under this view it can not alter the *status* of the case, that an appeal had been taken before the lower court was called on to pass on the bill of exceptions. Courts uniformly refuse to take any steps in a criminal proceeding unless the defendant is in custody either

actual or constructive. The whole theory of criminal proceeding rests upon the idea of the defendant being personally under the control of the court. This is the uniform rule in felony cases. *People v. Genet*, 59 N. Y. 80. In the case just cited the lower court refused to sign a bill of exceptions where a defendant had broken jail prior to the presentation of the bill for signing. Courts will not waste their time in considering questions or in making matters of record which will prove effectual or ineffectual accordingly as they may be ratified by the consent of a party charged with crime. This is the language of all the courts, whether the cause is yet pending in the trial court or has been transferred by appeal to an upper tribunal. *Anon.* 31 Me. 592; *Warwick v. State*, 73 Ala. 486, and cases cited; 1 Chitty's Criminal Law, 369, 663; 9 Criminal Law Magazine, 439 *et seq.; Smith v. United States*, 94 U. S. 97; *Com. v. Andrews*, 97 Mass. 544; Wharton's Cr. Pl. and Prac. [9 Ed.], sec. 774*a* and cases cited; *State v. Carter*, 98 Mo. 431.

II. But it is wholly immaterial how the foregoing point be ruled, as in no event can defendant have any standing in this court, and for this reason:

Here the so-called bill of exceptions not having been signed is a "*nullity*," and the refusal of the judge of the criminal court to sign the bill, even if erroneous, can not be corrected by an *appeal*. Resort must be had to *mandamus* in order to correct the error if one occurred in refusing to sign the bill. *Darrah v. Steamboat*, 17 Mo. 276; *Smith v. Railroad*, 55 Mo. 601; *Garth v. Caldwell*, 72 Mo. 622.

Upon these grounds, as there is no error in the record proper, the judgment must be affirmed. All concur.