**Fred Earl GREEN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 54537.

Supreme Court of Missouri,
Division No. 2.

March 9, 1970.

Lawrence J. Lee, St. Louis, appointed attorney for appellant.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

BARRETT, Commissioner.

An indictment charged that on November 2, 1961, Fred Earl Green assaulted and attempted to rape Arnett, a child 12 or 13 years old. A jury found him guilty and since he had prior felony convictions the court fixed his punishment at 15 years' imprisonment. It is not necessary to a disposition of this appeal to recite the evidence adduced by the state, it is sufficient to say that about one o'clock in the afternoon on the fourth floor of the Pruitt apartment complex Green was all but caught in the act of attempting to rape Arnett. When caught in the "washroom" Green ran from the building and was finally caught and subdued by Arnette's uncle who held him until the police arrived.

In 1964 Green instituted a pro se proceeding in this court denominated "a petition for a writ of mandamus" the purpose of which was to compel the court in which he was tried to furnish him copies of "the trial court records" relating to his original trial in April 1962. This motion was denied. In September 1964 Green instituted a 27.26 proceeding in which he sought on numerous grounds to vacate his 1962 conviction. In October the court appointed Mr. John E. Bardgett to represent Green in the 27.26 proceeding. Apparently as result of Mr. Bardgett's efforts a complete transcript, two volumes of 454 pages, was prepared and lodged in this court in that proceeding, a fact which, apparently, Green has forgotten. The trial court in that proceeding denied Green's petition without a hearing. That determination was appealed to this court, briefs were filed by counsel for both Green and the state, Mr. Bardgett's excellent and extensive brief was addressed to the simple proposition that the summary denial of the motion to vacate without a hearing was a violation of due process. On September 14, 1967, after the cause had been orally argued, this court of its own motion set aside the submission and remanded the cause for a full evidentiary hearing on the issues of law and fact raised in Green's 27.26 motion. State v. Stidham, Mo., 415 S.W.2d 297. Upon Mr. Bardgett's becoming a judge of the Circuit Court of St. Louis County, Senator Lawrence J. Lee was appointed as Green's counsel and he conducted this 27.26 hearing before Judge Waldo C. Mayfield, the judge who presided at Green's original trial in April 1962. At the conclusion of that hearing Judge Mayfield found the issues against Green and Senator Lee has perfected his appeal to this court.

Upon the hearing of the 27.26 motion there were three witnesses, the petitioner, Green, his 1962 trial lawyer, Mr. Wayne Millsap and Judge Mayfield's court reporter who prepared and on July 22, 1966, delivered to Mr. Bardgett the two-volume record of Green's trial. At the conclusion of the testimony Judge Mayfield made a full and complete finding of fact, one by one he took up every allegation in the appellant's original motion to vacate, many of which are not properly open questions in any post-conviction remedy in any jurisdiction, and upon the evidence adduced found the fact and issue against the appellant. It is not necessary to set forth those issues, it is sufficient to say that not only has the transcript in this proceeding been considered but the transcript upon his original trial has been examined, and Judge Mayfield's findings are supported in every detail and, as Rule 27.26, V.A.M.R. contemplates, foreclose for all time reopening or reconsideration of any of those matters.

As to the only question involved upon this appeal, ineffective assistance of counsel and therefore infringement of constitutional rights in that counsel did not file a motion for new trial or a notice of appeal, Judge Mayfield found that Mr. Millsap was competent in every respect and did everything possible to defend Green and to preserve his right to a fair trial.

And again, as the transcript of the original trial reveals, that finding is supported. The appellant had but a single witness, his mother who corroborated his claim that he was in the Pruitt area to see his sister. The trial lasted through the days of April 16, 17, 18 and 19 and against all but overwhelming testimony Mr. Millsap put the best face possible on the incriminating circumstances. In testifying in this proceeding Green's complaint of Mr. Millsap was that he was not sufficiently experienced in the trial of criminal cases, he said, "he probably had done what he could, but he just didn't know how to present the facts to the Court." He complained particularly that Mr. Millsap did not properly handle his defense of alibi, that "two or three days" after the trial he told Mr. Millsap about a witness, a watchman, who had stopped him, "my alibi was I was going through the Project, the Pruitt-Igoe Project, it was a watchman stopped me and talked to me previously before I was arrested." When asked how and when he found out that Mr. Millsap was a civil lawyer only he said, "When I was in the Penitentiary."

Admittedly Mr. Millsap did not file a motion for a new trial or a notice of appeal after the April 1962 trial and conviction. Called by the state as a witness in the 27.26 case he detailed his experience as a lawyer and in detail his preparation for the trial of Green, conferences with him, his mother "on several occasions," he inspected the premises and locale of the offense and he "employed a photographer" who took pictures of the area. He procured a psychiatric examination and then he detailed the "several days" trial and his efforts in behalf of his client. He says that it was two years after the trial that Green told him about the watchman. As to the only point involved here Senator Lee, representing Green, asked Mr. Millsap, seven years after the trial, why he had not filed a motion for a new trial and a notice of appeal and this is his uncontradicted testimony: "I had a discussion concerning that with Mr. Green and his mother, and I think, it was another gentleman present, I'm not sure, it might have been his stepfather, some other man, maybe a brother. * * * My opinion at that time, at (sic) this case there was no error in the trial, so far as appealable error, as I could ascertain, and it was a question, mainly, of identity of witnesses, and there was a number of witnesses in the case, and they identified Fred Earl Green, not only in the room where the assault occurred with the girl, but in following his routine, * * *—it was strictly a question of identification, and I told Mr. Green and his mother and the other gentleman * * * that I did not feel, myself, that there were grounds for submitting a motion for new trial or an appeal in this case because it was really a jury question that had been resolved after the trial, which, as I say, took several days. Q. Well, without putting—I'm putting you on the spot, it was your advice or your opinion, then, that a motion for new trial should not be pursued? A. It was my opinion that a motion for new trial or an appeal would not have been of any value to Fred Earl Green in this proceeding. Q. And I assume they followed your opinion or—A. Pardon? Q. After you explained this, did they follow your opinion? A. Yes, they did. *I explained to Fred Earl Green and his mother,* and, as I remember, another gentleman * * * and *we discussed this and everyone understood the situation, and I asked, specifically, if he understood it, and did he agree that we should not file a motion for new trial or appeal, and he, in the presence of his mother, also, agreed, and his mother also agreed."*

Not only has this jursidiction always recognized the right to appeal as a critical stage in a criminal case, belated appeals may be had on special order (Criminal Rule 28.07 and Court Rule 82.07), appeals are permitted as a matter of right "in any criminal case." Criminal Rule 28.03. Furthermore, in this jurisdiction, if the defendant desires to appeal his conviction and his court-appointed counsel, without explanation, fails to take the proper and necessary steps to perfect the appeal "such extraordinary inattention to client's interests (as to) amounts to ineffective assistance of counsel cognizable on motion to vacate." State v. Frey, Mo., 441 S.W.2d 11, 15. In that case the court applied the guidelines of the Eighth Circuit Court of Appeals in Williams v. United States, 402 F.2d 548. But in the event the right to appeal is improperly infringed, this court as in the Supreme Court of the United States, Rodriquez v. United States, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340, does not, necessarily, discharge the defendant but remands the cause for resentencing thus permitting an appeal from the date of the new sentence. But the circumstances of this case are in nowise comparable to the Frey, Williams and Rodriquez cases, here, as indicated, the court's finding of effective counsel is supported and upon this record neither the court nor the court-appointed lawyer deprived him of what has come to be recognized as "a matter of right," an appeal in a criminal case. The lapse of time is not the determinative factor (six years had elapsed in Rodriquez's case) but Green's decision to appeal was a mere belated afterthought and he is not for this reason alone entitled to relief in this proceeding. Crosswhite v. State, Mo., 426 S.W.2d 67.

Accordingly, the judgment is affirmed.

STOCKARD and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.