**Larry Gene SCOGIN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 26746.**

Missouri Court of Appeals,
Kansas City District.

June 3, 1974.

Willard B. Bunch, Public Defender, Sixteenth Judicial Circuit, Robert A. Simons, Asst. Public Defender, Kansas City, for appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P. J., and WASSERSTROM and SOMERVILLE, JJ.

PER CURIAM:

This is an appeal from denial, after evidentiary hearing, of appellant's motion to vacate judgment and sentence under Criminal Rule 27.26, V.A.M.R.

On July 24, 1970, Larry Gene Scogin was charged by indictment with the crime of possession of a stimulant drug. He was scheduled for trial March 29, 1971. On that day after several preparatory steps for a jury trial had been taken, he indicated to

the court that he wished to change his plea from not guilty to guilty. After interrogation by the court, the guilty plea was accepted and a pre-sentence investigation was ordered.

The court received the pre-sentence investigation report on August 25, 1971, and after discussing Scogin's past record with him and his attorney, sentenced him to ten years in the Missouri Department of Corrections. This sentence was suspended and Scogin was placed on probation.

On March 30, 1972, after notice to the court by the State Board of Probation and Parole, a probation revocation hearing was held. At the hearing it was found that Scogin had violated a condition of his probation. Probation was revoked and the ten year sentence was imposed.

On May 24, 1972, he filed a motion to vacate his sentence. He alleged in his motion and contends on appeal that his plea of guilty was not voluntary because it was induced by a promise of a two year sentence.

An evidentiary hearing was held March 15, 1973, at which Scogin and his wife, Carol, testified. He testified that his attorney had advised him that he would receive a two year sentence. Carol testified that her husband had told her that they had promised him two years if he would plead guilty. Scogin acknowledged that when he entered his guilty plea he told the court that no promises had been made to him. He further acknowledged that he had indicated an understanding that any recommendations as to punishment would not be binding on the court and that the court alone would do the sentencing in accordance with what it thought proper.

Scogin's attorney at the time the guilty plea was entered testified for the state. He said that he had clearly and thoroughly explained to Scogin that the prosecutor would recommend a two year sentence on a plea of guilty but that such recommendation would not be binding on the court.

The record shows that such a recommendation was made to the court by the prosecutor.

■ Whether a promise of a two year sentence had been made to Larry Scogin depends on which version of the facts the trial court believed. In denying relief, the trial court obviously rejected the movant's version and believed the state's version. The credibility of the witnesses in a 27.26 proceeding is for the trial court to determine. State v. Shields, 441 S.W.2d 719 (Mo.1969); Crosswhite v. State, 426 S.W. 2d 67 (Mo.1968).

■ On this appeal, we will set aside the trial court's findings only if they are clearly erroneous. Criminal Rule 27.26. After examining the record, the court believes that the judgment of the trial court is based on findings of fact which are not clearly erroneous and that an extended opinion would have no precedential value. Rule 84.16.

The judgment is affirmed.