**Willie B. BROWN, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 9464.**

Missouri Court of Appeals,
Springfield District.

July 10, 1974.

---

John B. Newberry, Springfield, for movant-appellant.

John C. Danforth, Atty. Gen., Robert Presson, Asst. Atty. Gen., Jefferson City, for respondent.

BILLINGS, Judge.

Willie B. Brown, presently serving a 30-year sentence for first degree robbery, brought this Rule 27.26, V.A.M.R., proceeding to vacate judgment and sentence alleging his waiver of trial by jury was involuntary and he was denied effective assistance of counsel. Following an evidentiary hearing the trial court denied relief. We affirm.

Appellant and another were charged with the strong-arm robbery of an 85-year-old widow at her neighborhood grocery store

in Springfield. The elderly proprietor was brutally assaulted during the course of the crime.

Appellant waived his right to a preliminary hearing and on the following day was appointed counsel by Circuit Judge Douglas W. Greene. Thereafter, appellant waived formal arraignment, entered a plea of not guilty, waived trial by jury and was convicted in his trial before the court. No motion for new trial was filed and no appeal taken.

In his motion the appellant stated he was deprived of his right to trial by jury and that he did not waive this right at any time. He charged his attorney with failing to file a motion for new trial and failing to appeal. By amendment the appellant added ten additional allegations directed towards his trial attorney. The amendments all dealt with the attorney's failure to object to leading questions and inadmissible evidence.

At the evidentiary hearing both appellant and his former attorney testified. A transcript of the trial proceedings, a letter from appellant directed to Judge Greene, and a statement given by appellant to the authorities before the trial completed the evidence. In its required findings, conclusions and judgment the lower court held appellant had failed in his burden of proving his grounds for relief and denied appellant's motion.

■ The record reflects that when appellant and his attorney appeared for arraignment the following occurred:

"THE COURT: Mr. Brown, your attorney . . . has indicated that you wish to waive a jury in this case and have your case tried by the Court. Is that correct?

THE DEFENDANT: Yes, sir.

THE COURT: Now you understand that, under the Constitution of the United States and the Constitution of the State of Missouri, you have the right to a trial by jury. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And in such a case, if you were tried by a jury that, in most instances, they would not only determine your guilt but could also, under proper circumstances, determine your punishment instead of the Court. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: Sometimes they can and sometimes they can't. If you had previously been convicted of a crime and you were charged as a habitual criminal, the judge would fix your punishment, anyway, if you were tried by a jury. You understand that?

THE DEFENDANT: Yes, sir.

THE COURT: And if you were not tried as a habitual criminal, the jury would set your punishment. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: If you waive trial by jury, what you would be doing then, under such circumstances, you have the judge— he would be the one that would determine your guilt or innocence rather than the jury. Do you understand that?

THE DEFENDANT (Looking at [attorney]): What he means . . . ?

[ATTORNEY]: If the Court tries this, the judge would set your punishment instead of having the jury set your punishment, and also he would determine your guilt or innocence.

THE DEFENDANT: Well, I understand that.

THE COURT: Is that your desire and your request that you be tried by the Court instead of a jury?

THE DEFENDANT: I want to be tried by the Court.

THE COURT: You want to be tried by the Court?

THE DEFENDANT: Yes, sir.

As did the trial court, we find no merit in appellant's contention that he did not constitutionally waive his right to trial by jury. Appellant testified he did not recall Judge Greene asking him if he wanted a jury. In addition to the record that was made on appellant's waiver of a jury trial his former attorney testified concerning the matter. The attorney explained that in the course of his investigation and discussions with the appellant he had pointed out that there was nothing to be gained by appellant's pleading guilty to the charge and that if a not guilty plea was entered then the appellant had the alternatives of a trial by jury or a trial by the court. The attorney stated that the decision to waive the jury trial was made by the appellant. "I certainly presented to him every possible consideration that I could see to help him make a decision. I will say here that I felt his decision to have a trial by the Court was the wiser decision. I was very concerned about him having a trial before a jury in this county or some other county. We were confronted with some damaging evidence, as the investigation had revealed, and I was dealing with the alleged victim being an elderly woman, and white, and I was representing a young black and on a charge that involved an alleged assault of this white elderly woman and a robbery, and these two things could have inflamed the jury and I was concerned as to what a jury would do. I was also, as I explained to him, although it was his decision, I personally felt that we were safer to try this before the Court since the Court would not be prejudiced in any way by any of these factors I have mentioned and that our only chance was that the Court might find him not guilty by reason of one or more technicalities."

We would also observe that when appellant's case was called for trial, approximately a month subsequent to his arraignment and plea, the court opened the proceedings by stating that the appellant had waived trial by jury and had consented to trial by the court. Since the appellant had a trial by jury in Stoddard County in October of 1964 he was not wholly unfamiliar with his right to a trial by jury, and in view of Judge Greene's interrogation and explanation on this issue, we hold that appellant's waiver of trial by jury was not constitutionally infirm. Young v. State, 473 S.W.2d 390 (Mo.1971). This, in our opinion, also disposes of appellant's contention that he did not know he was being tried but that he thought the proceeding was "a hearing that people would identify me, you know." Appellant's credibility was for the trial court.

Appellant's second point involves the common allegation of ineffective assistance of counsel. As we have previously observed [Agee v. State, 512 S.W.2d 401 (Mo.App.1974)], nearly all post-conviction motions allege deprivation of the constitutional guarantee of effective assistance of counsel. Here, the appellant claims his trial attorney was ineffective because no motion for new trial was filed, no appeal was taken, and various objections were not made during the course of the trial. In reverse order we will consider appellant's complaints and the lower court's rulings.

The mere failure to make objections does not constitute ineffective assistance of counsel. State v. Harris, 425 S.W.2d 148 (Mo.1968). The burden is upon the movant to prove his ground for relief by a preponderance of the evidence [Rule 27.26(f); Crosswhite v. State, 426 S.W.2d 67 (Mo.1968)] and appellant has not demonstrated how or in what manner his attorney's failure to object resulted in prejudice to him or rendered his trial unfair. In its ruling the trial court made the following finding: "The Court has carefully gone over the transcript, many of the questions were leading and could have been objected to, but there were questions involving, in many instances, geographical locations of a building, the grocery store, and its location with reference to other

buildings and streets, and the Court finds as a matter of law none of the failures to object worked any fundamental unfairness on movant at trial." The court also noted that trial errors, if any, were matters for direct appeal and beyond the scope of a Rule 27.26 proceeding. O'Neal v. State, 486 S.W.2d 206 (Mo.1972); Sallee v. State, 460 S.W.2d 554 (Mo.1970).

■■ Appellant faults his trial attorney for the latter's failure to object to the admissibility of a statement given by appellant to the authorities shortly after the crime, contending in essence that the Miranda warnings were not given. As the lower court noted this case was tried prior to Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), and Miranda did not apply. In addition, appellant acknowledged that he knew he did not have to talk to the police and that his statement was voluntary. His counsel could have very well concluded the statement was in fact voluntary. Coney v. State, 491 S.W.2d 501 (Mo.1973). We would also observe that the statement in question sought to discount appellant's role in the robbery and cast the blame of the assault and taking of the money from the cash register on appellant's companion. Tied in with this complaint is the additional one that appellant's attorney should have filed a motion to suppress the statement. Again, the failure to file a motion to suppress, assuming a lawful basis for such, is not per se ineffective assistance of counsel. Lowe v. State, 468 S.W.2d 644 (Mo.1971). Appellant does not demonstrate any basis for such a motion. Griggs v. State, 479 S.W.2d 478 (Mo.1972).

■ The next complaint of appellant is that his rights were violated because counsel was not present at the time the victim made a photographic identification of him. Appellant argues that this tainted the later in-court identification of him by the victim and his attorney should have objected. Since appellant's case was tried before United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 (1967), there was no basis for objection. Three other witnesses identified appellant as leaving the scene of the robbery and the trial court concluded there was no fundamental unfairness resulting from the photographic identification. We agree.

■ This leaves appellant's contention with respect to no appeal having been taken. Since a timely motion for new trial is a required condition for taking an appeal we will treat his grounds concerning failure to file a motion for new trial and failing to take an appeal at the same time. The mere failure to take an appeal does not constitute ineffective assistance of counsel. Coney v. State, 491 S.W.2d 501 (Mo.1973). Only where the appellant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel. Green v. State, 451 S.W.2d 82 (Mo.1970). Appellant's counsel testified, without contradiction, that he had discussed the matter of an appeal both before and after the trial with appellant and was under the impression that (a) appellant understood what an appeal was and (b) that appellant did not desire an appeal perfected. Received in evidence was a letter from appellant to Judge Greene dated February 28, 1966, stating he [appellant] did not intend to appeal his case. The trial court found that appellant was advised of his right to appeal, that he decided on his own not to appeal, and that his attorney believed and had reason to believe appellant had elected not to appeal.

We have reviewed the entire record, consisting of the trial and evidentiary hearing transcripts together with the exhibits, and are of the opinion that the defendant had a fair trial. The trial court's findings, conclusions and judgment are supported by the record and are not clearly erroneous.

The judgment is affirmed.

HOGAN, C. J., STONE and TITUS, JJ., and REINHARD and CONLEY, Special Judges, concur.