James Lee **FOSTER**, Movant-Appellant,

v.

**STATE of Missouri**, Respondent.

No. 9732.

Missouri Court of Appeals,
Springfield District.

March 4, 1975.

Edward C. Graham, Charleston, for movant-appellant.

John C. Danforth, Atty. Gen., Robert M. Sommers, Asst. Atty. Gen., Jefferson City, for respondent.

Before BILLINGS, C. J., and HOGAN and FLANIGAN, JJ.

BILLINGS, Chief Judge.

James Lee Foster has appealed from the order of the Circuit Court of Mississippi County dismissing without an evidentiary hearing his Rule 27.26 V.A.M.R. motion to vacate sentence and judgment. We affirm.

In 1969 the appellant, represented by an attorney, entered a plea of guilty to felonious assault [§ 559.180, RSMo 1969, V.A.M. S.]. The charge arose out of appellant's pointing a loaded revolver at and threatening the sheriff during appellant's escape from the county jail.

Appellant's pro se motion to vacate stated three grounds for relief: (1) the

charge of felonious assault was too excessive; (2) the evidence was insufficient to charge felonious assault because no bodily harm was inflicted and no one was beaten or wounded; (3) by reason of no bodily harm having been inflicted as required by § 559.180, an assault could not be charged under that statute, and because there was no beating or wounding as required by § 559.220 there was no assault as charged in the information nor any evidence to support an information charging felonious assault.

Upon the filing of this motion the state filed a motion to dismiss, charging appellant's motion to vacate failed to allege facts upon which relief could be granted under Rule 27.26. The trial court appointed counsel for the appellant and thereafter the state's motion to dismiss was taken up by the court. In support of its motion the state offered in evidence the original files of the criminal case and a transcript of the appellant's guilty plea.

The trial court prepared and filed written findings of fact and conclusions of law, sustained the state's motion and ordered appellant's motion dismissed. Among other things, the trial court found and concluded:

"The grounds set out in movant's motion raised no issues of fact requiring an evidentiary hearing on his motion. When the transcript conclusively showed that petitioner was entitled to no relief, Evidentiary hearing was not required. Pauley v. State, 487 S.W.2d 565. Also, Loflin v. State, 492 S.W.2d 770.

"The record made at the time the plea was entered clearly shows that movant voluntarily, knowingly and of his own desire entered a plea of guilty.

"The grounds set out in the motion were all based upon movant's contention that the information and the charge were insufficient for the reason that there was no bodily harm inflicted and noone was beaten or wounded.

"Section 559.220, Revised Statutes of Missouri, is not involved as that section has to do with common assault.

"The charge in the information was based on Section 559.180, Revised Statutes of Missouri. This section covers felonious assault and includes shooting, stabbing, beating 'or assualt'. The section does not require any actual beating but it is sufficient if the assault is made in such manner as to endanger and threaten the life of another person. One pointing a loaded gun at another with a threat to kill is guilty under this section and this is true even though the gun, at the time, was locked against discharge. State v. Jordan, 225 S.W. 905. Striking or wounding of a person is not essential to assault with intent to kill, State v. Broyles, 295 S.W. 550. The assault is complete, if intent with present means of carrying it into effect exists and preparations therefore have been made, even though there was no actual violence to the person. State v. Selle, 367 S.W.2d 522.

"The movant at no time raised any point as to the insufficiency of the information and entered his plea of guilty to the information as read to him. In stating the facts, the Prosecuting Attorney stated that this defendant and another defendant took the Sheriff's gun from his holster and this defendant pointed the gun at the Sheriff and threatened him and attempted to force him into a cell in the jail and that this occurred when the defendants escaped from the County Jail. The movant indicated that these were correct facts and that he understood them.

"Movant did not state sufficient facts to warrant the sustaining of his motion and the record clearly shows that no grounds exist which would justify the granting of his motion. His allegations do not require any further hearing. The motion and the record speak for themselves.

"The Movant did not base his motion on any violations of any of his constitutional

rights and none of his constitutional rights were violated."

In this appeal the appellant has advanced two points. He complains of his counsel's failure to ascertain any additional grounds or facts to support the grounds alleged in his pro se motion. Secondly, he contends the trial court erred in not conducting an evidentiary hearing on the involuntary nature of his guilty plea since the guilty plea transcript "gave notice to the court of the *possibility* that the guilty plea was not understandingly and voluntarily entered by the appellant but was given under threats and duress." (emphasis added)

■ Our appellate review of the trial court's judgment is limited by Rule 27.-26(j) to a "determination of whether the findings, conclusions and judgment . . . are clearly erroneous." And matters not raised as grounds for relief in a post-conviction motion cannot be asserted for the first time on appeal. Schleicher v. State, 483 S.W.2d 393, 394 (Mo. banc 1972); Griffith v. State, 504 S.W.2d 324, 329 (Mo.App.1974). Furthermore, a Rule 27.26 proceeding is not applicable to an alleged irregularity under that same rule, nor does the alleged irregularity afford a basis for a subsequent Rule 27.26 motion. McCormick v. State, 502 S.W.2d 324 (Mo. 1973); Williams v. State, 507 S.W.2d 664 (Mo.App.1974).

■ In effect, appellant by his first point, seeks to charge ineffective assistance of counsel in the proceedings held below. As indicated, supra, Rule 27.26 does not permit this, and the asserted point presents nothing for our review. Ex gratia, we note that appellant argues "there may have been additional grounds" and "[he] may have supplied . . . additional information", but these bare allegations do not warrant relief under the rule.

Although the appellant's pro se motion did not specifically assign as a ground the involuntary nature of his guilty plea, his "brief" filed therewith might be construed as seeking to advance such a ground. Additionally, we observe that the trial court in his findings and conclusions determined that appellant's guilty plea was made knowingly and voluntarily. Consequently, we will briefly consider appellant's second point.

■ We have carefully reviewed the transcript of the appellant's guilty plea and are convinced the trial court did not err in ruling on the instant motion without an evidentiary hearing. Even if we assume appellant's "brief" alleges facts in support of an involuntary plea, such facts are adequately refuted by the guilty plea transcript. Appellant, in his brief herein, seeks to isolate and emphasize certain of his answers to the interrogating sentencing judge while ignoring further of his answers elicited concerning the voluntary nature of his plea. An experienced trial judge conducted the plea proceedings (12 transcript pages) and determined appellant's guilty plea was being voluntarily and understandingly entered. We agree. Based upon the guilty plea transcript, the appellant was not entitled to an evidentiary hearing in these proceedings. Smith v. State, 513 S.W.2d 407 (Mo. banc 1974); Hogshooter v. State, 514 S.W.2d 109 (Mo.App.1974).

The judgment is affirmed.

All concur.