Frederick C. **WHITE**, Movant,

v.

**STATE of Missouri, Respondent.**

No. 37070.

Missouri Court of Appeals,
St. Louis District,
Division One.

Oct. 18, 1977.

David A. Lang, Clayton, Forriss D. Elliott, St. Louis, for movant.

Paul Robert Otto, Asst. Atty. Gen., John D. Ashcroft, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Movant appeals from an order denying, without evidentiary hearing, his Rule 27.26 motion to vacate and set aside sentence. The underlying conviction was for assault with intent to maim with malice arising from the physical and sexual torture of a female victim.

Movant's motion stated his grounds for relief as follows:

"(a) Incompetency of counsel at trial.

"(b) State's failure to disclose favorable evidence.

"(c) Discovery of new evidence."

The facts supporting these grounds were set out as follows:

" '9. (a) Counsel who conducted the trial failed to perform any investigation prior to trial, failed to adequately voir dire the prospective jurors, failed to file any pretrial motions, and and (sic) failed to file a timely motion for new trial. Supporting evidence: partial transcript of trials in *State v. White*, # 72–9411, and *State v. Weaver*, # 72–1660. Testimony of Attorney Wilson Gray; and business records of Wilson Gray relating to his representation of Frederick White. The address of (sic) is 508 North Grand, St. Louis, Missouri.

'(b) The Assistant Circuit Attorney, William Frain, was aware of the existence of a medical condition of the complaining witness at the time of the alleged acts constituting the offense occurred, that cast serious doubts on the veracity of her testimony, but he failed to disclose said medical condition to my trial attorney, supportin (sic) evidence: partial transcript of companion case. *State v. Weaver*, # 72–1660, and partial transcript of *State v. White*, # 72–9411 and relevant files of the circuit attorney's office. The business address of Wm. Frain is Ofc. of the Cir. Atty., Municipal Courts Building, St. Louis, Missouri.

'(c) The newly discovered evidence is the existence of a medical condition of the com-

plaining witness at the time the alleged acts constituting the offense occurred, that casts serious doubts on the veracity of her testimony. Supporting evidence: same as in 9(b) above.' "

■ The trial court, in an opinion, dealt with each of these grounds and found no facts alleged sufficient to warrant an evidentiary hearing. In order for a 27.26 movant to be entitled to an evidentiary hearing, he must plead facts, not conclusions, which if true, would entitle him to relief and must show that those factual allegations are not refuted by the trial record. *Smith v. State*, 513 S.W.2d 407 (Mo. banc 1974) [1].

■ Movant's petition here fails to meet that test. An allegation of failure to investigate is insufficient in the absence of factual allegations of what possible defenses might have been discovered through further investigation or how such investigation might have been of benefit to defendant. *Smith v. State, supra*, [2]. In what way the voir dire was inadequate is sheer speculation. A review of the transcript of trial does not indicate any apparent inadequacies. The same is true of the allegation concerning "pretrial motions." Just what motions could or should have been filed is not apparent on the record. No confession or statement of defendant was introduced into evidence, the victim's identification was based upon her prior acquaintanceship with defendant, and there is no indication that evidence introduced was obtained through any improper search which defendant could challenge. We will deal with the allegation concerning the motion for new trial later. The general statement concerning a "medical condition" of the prosecuting witness is so vague as to be meaningless, and does not furnish a basis for relief under 27.26.

Movant has in his motion referred to a partial transcript in *State v. Weaver*. That trial was of an alleged co-participant and resulted in an acquittal. Movant contends that the material in that transcript demonstrates that movant's counsel was ineffective. None of this material is mentioned in movant's motion and we do not believe it to be the trial court's responsibility to cull through that transcript to find some possible supporting grounds for movant's conclusory statements. The Weaver trial occurred after movant's, so it cannot be presumed that movant or his counsel should have been aware of the evidence in that case.

■ Our examination of that partial transcript reflects that most of the witnesses in that case supportive of defendant Weaver, were character witnesses or alibi witnesses. None of the testimony of those witnesses was even remotely of value to movant. Weaver himself testified in rather effective style. Movant attended the first day of his trial; failed to show up on the second day of trial; was tried and convicted in absentia; was arrested several months later in California and returned to the court for sentencing. He obviously did not testify and was not available to assist his counsel in the defense. Movant has made no allegation that the witnesses in Weaver's case who might have been of value to movant were revealed to counsel by movant or otherwise known to counsel.

■ The "medical condition" mentioned in movant's motion apparently is gonorrhea. Evidence of this condition was elicited in the Weaver case to serve as a predicate to expert medical testimony that such a condition would or probably would result in bleeding if the sexual torture described by the victim had occurred. No such bleeding did occur. We can hardly conclude that this "medical condition" was known by the prosecutor to be favorable to defendant, nor that the trial court had the obligation to locate such fact from movant's non-specific reference to the Weaver transcript in his motion.

■ We turn to the allegation of counsel's failure to file a motion for new trial, which was a prerequisite for meaningful appellate review of the conviction. Mere failure to take an appeal does not constitute ineffective assistance of counsel. Only where appellant wishes to appeal and his attorney either refuses or negligently fails

to take the proper steps to appeal is there ineffective assistance of counsel. *Brown v. State,* 512 S.W.2d 404 (Mo.App.1974) [9, 10]; *Green v. State,* 451 S.W.2d 82 (Mo.1970) [2–5]. In the normal procedures involving prosecutions for offenses against society, the law does not force an appeal upon an accused. *State ex rel. Garrett v. Gagne,* 531 S.W.2d 264 (Mo. banc 1975) [2–4]. An escape "disentitles the defendant to call upon the resources of the Court for determination of his claims." *Estelle v. Dorrough* (1975), 420 U.S. 534 l.c. 537, 95 S.Ct. 1173, l.c. 1175, 43 L.Ed.2d 377. In the absence of some reason making it impossible to appear, an accused by his absence evidences his disdain for the law and its legal processes. *State ex rel. Garrett v. Gagne, supra.* [2–4]. In short, a defendant who escapes or flees the jurisdiction during his trial or during the post-trial proceedings relinquishes his right of appeal. That was what movant here did. He is in no position to charge his counsel with ineffectiveness for failing to pursue that which movant by his conduct had relinquished.

The order of the trial court is affirmed.

CLEMENS, P. J., and DOWD, J., concur.