STATE of Missouri, Respondent,

v.

Ross HOGAN, Appellant.

No. 38533.

Missouri Court of Appeals,
St. Louis District,
Division One.

May 2, 1978.

and attempted robbery (Count III). The court assessed punishment pursuant to the second offender act of life imprisonment on Count I, 50 years on Count II consecutive to the punishment on Count I, and 10 years on Count III concurrent to the punishment on Count I.

On appeal defendant contends the court erred in failing to give instructions covering lesser included offenses.

The evidence supported a jury finding that defendant and two accomplices attempted an armed robbery of the Emergency Room tavern in St. Louis. Following the announcement of a hold-up one of the customers, Alford Williams, drew a pistol. Considerable shooting followed by defendant, his accomplices and Williams, during which another customer, Leonard Meadows, was killed by a bullet or bullets from Williams' gun. Defendant was wounded, also by Williams. Williams was shot with a pistol by defendant and by a shotgun in the hands of one of the accomplices. Williams was severely wounded, but not killed. The three robbers left the tavern after the shooting without having completed the robbery. Defendant testified that he entered the tavern alone and unarmed to use the restroom, that as he was starting to leave the tavern the shooting erupted and he was wounded, and that he left the tavern to seek help for his wound.

Although a motion for new trial was filed and denied, that motion is not included in the record. Defendant's contentions must therefore be reviewed under the plain error doctrine. Rule 27.20(c).

His first contention is that the trial court should have instructed on Count I on second degree murder and manslaughter. In a felony-murder case such instructions are to be given only "where there is evidence warranting a finding that the murder was not committed in the perpetration of or attempt to commit the felony relied upon to authorize a felony murder instruction." MAI–CR 6.02 caveat a.; *State v. Tyler*, 556 S.W.2d 473 (Mo.App. 1977) [1, 2]. The killing of Meadows was

Freeman, Whitfield, Montgomery & Walton, Elbert A. Walton, Jr., St. Louis, Robert W. Miller, St. Louis, for appellant.

Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

SMITH, Judge.

Defendant appeals from his conviction by a jury of felony-murder (Count I), assault with intent to kill with malice (Count II),

solely the product of the attempted robbery and the predictable, although ill-considered, attempt of Williams to thwart it. There is no evidence to support the giving of instructions on lesser offenses of homicide. Defendant was either guilty of felony-murder or he was guilty of nothing.

The same is true for defendant's second contention that the court should have given an instruction on assault without malice aforethought, Sec. 559.190 R.S. Mo.1969. While we could base our ruling on this point on the presumption that assault with a dangerous and deadly weapon is with malice aforethought in the absence of contrary evidence, we do not do so. *State v. Lane*, 537 S.W.2d 569 (Mo.App. 1976) [2]. We hold rather that the attempted robbery supplied the element of malice aforethought as a matter of law. If the attempted robbery serves to establish as a matter of law the elements of first degree murder, we hold it is also sufficient to establish as a matter of law the requisite "malice aforethought" required for conviction under Sec. 559.180, R.S.Mo.1969. See *Hardnett v. State*, 564 S.W.2d 852 (Mo. banc 1978) for discussion of the difference between the assaults covered by Secs. 559.-180 and 559.190.

Defendant's third contention is that the court should have given a lesser included offense instruction on Count III of attempted stealing from the person. There is no evidence to support such a submission.

Judgment affirmed.

CLEMENS, P. J., and McMILLIAN, J., concur.