Derryl SAMPSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. KCD 29849.

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Jerry W. Venters, Asst. Public Defender, Jefferson City, for movant-appellant.

John D. Ashcroft, Atty. Gen., Robert L. Presson, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Movant appeals denial of his Rule 27.26 motion after evidentiary hearing. Movant's underlying conviction was for two counts of robbery and concurrent 9-year sentences. The single issue raised by movant is ineffectiveness of counsel because of the failure of trial counsel to file a notice of appeal and perfect an appeal.

There is no question but that no appeal was taken from the movant's convictions. However, the mere failure to take an appeal does not constitute ineffective assistance of counsel. *Coney v. State,* 491 S.W.2d 501 (Mo.1973); *Brown v. State,* 512 S.W.2d 404 (Mo.App.1974). Only where the defendant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel. *Green v. State,* 451 S.W.2d 82 (Mo.1970); *Brown v. State, supra.* It is implicit in this rule of law that the desire to appeal must have been communicated to counsel or otherwise understood by him. See: *State v. Scott,* 492 S.W.2d 168 (Mo.App.1973); *United States v. Neff,* 525 F.2d 361 (8th Cir. 1975); *McFad-*

*den v. United States,* 312 F.Supp. 820 (E.D. Mo.1970), *aff'd,* 439 F.2d 285 (8th Cir. 1971).

In a 27.26 proceeding, the allegations of the movant do not prove themselves, and the movant has the burden of proving his allegations by a preponderance of the evidence. Rule 27.26(f); *McLallen v. State,* 543 S.W.2d 813 (Mo.App.1976); *Stroder v. State,* 522 S.W.2d 77 (Mo.App.1975); *Floyd v. State,* 518 S.W.2d 700 (Mo.App. 1975).

Applying these principles to the testimony offered at the evidentiary hearing, it is clear that the movant must show that the trial court's finding was clearly erroneous in that the evidence proved that the movant desired to appeal, that his lawyer knew by reason of a communication from the movant of that desire or in some fashion this was implied, and that the attorney failed to prosecute the appeal. Unquestionably, the evidence showed that the movant desired an appeal based on the movant's testimony and, as indicated, no appeal was taken. The critical issue is whether counsel for the movant understood the movant desired an appeal. The movant did not claim that he ever requested counsel to perfect an appeal. He testified it was his understanding that an appeal was being taken based on movant's testimony that his lawyer suggested an appeal and told movant he would file one. However, trial counsel also testified at the evidentiary hearing and said that he did not recall having a conversation with regard to a possible appeal. The lawyer decided not to appeal after the motion for new trial was overruled because he did not think there was any reversible error in the trial, and he informed the movant of his determination of that fact. He specifically denied telling the movant he was going to appeal the conviction.

Thus, there is a direct conflict in the evidence as to whether a representation as to an appeal was ever made, and there is no direct evidence of any kind that movant communicated to counsel his desire for an appeal. The credibility of the witnesses in the proceeding to vacate the conviction and

sentence is a matter for the trial court to decide. *Scogin v. State,* 510 S.W.2d 825 (Mo.App.1974). To determine that the trial court's finding on that contested fact issue was clearly erroneous would require this court to redetermine the issue of credibility contrary to the manner in which the trial court determined that issue. There is nothing in either the record or the argument to justify any such rejection of the trial court's finding. Judgment of the trial court is affirmed.

All concur.