Larry WAYNE, Movant,

v.

STATE of Missouri, Respondent.

No. 40834.

Missouri Court of Appeals,
Eastern District,
Division Three.

March 27, 1979.

Robert C. Babione, Public Defender, St. Louis, for movant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Steven Scott Clark, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., St. Louis, for respondent.

CRIST, Judge.

Rule 27.26 motion. Movant appeals the denial of his motion without an evidentiary hearing.

On August 2, 1976, movant was convicted of second degree murder and sentenced to life imprisonment. Thereafter, movant escaped custody. His trial counsel filed a timely motion for new trial and notice of appeal. Our Court dismissed the appeal on April 25, 1977 for failure to perfect appeal and comply with the rules.

On appeal movant claims the trial court erred in not granting movant an evidentiary hearing when he alleged in his Rule 27.26 motion that he had received ineffective assistance of counsel on an aborted appeal. We must limit our appellate review to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Foster v. State,* 520 S.W.2d 684, 686 (Mo.App.1975). We find they are not.

Movant's Rule 27.26 motion alleged:

(1) His escape from custody during post-trial proceedings;

(2) His indication to his attorney before his escape of his desire to appeal the conviction;

(3) His attorney's knowledge of his family's address; and

(4) His attorney's failure to contact his mother concerning the appeal.

Can a defendant complain about his attorney's failure to perfect his appeal while he is an escapee during the time in which an appeal can be taken? He cannot.

Movant alleges the denial of his constitutional right to appeal. He desired to appeal. He claims his attorney knew he wanted to appeal and points to the filing of the notice of appeal. Movant alleges his attorney refused or negligently failed to take proper steps to perfect his appeal. In support of his claim of ineffective assistance of counsel movant cites *Green v. State,* 451 S.W.2d 82 (Mo.1970) and *Sampson v. State,* 570 S.W.2d 337 (Mo.App.1978). These cases are not enough. Had movant refrained from escaping custody, things might have turned out differently.

A defendant who escapes custody during post-trial proceedings relinquishes his right to appeal. Movant "is in no position to charge his counsel with ineffectiveness for failing to pursue that which movant by his conduct had relinquished." *White v. State,* 558 S.W.2d 372, 375 (Mo.App.1977). Movant was in contempt of court and the law. Such trifling with justice must not be tolerated.

Judgment affirmed.

REINHARD, P. J., and GUNN, J., concur.