**Ross HOGAN, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 41949.**

Missouri Court of Appeals,
Eastern District,
Division Three.

July 15, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 12, 1980.

Application to Transfer Denied
Oct. 15, 1980.

Robert C. Babione, Public Defender, Thomas Flynn, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for respondent.

REINHARD, Judge.

Movant appeals from a denial of his Rule 27.26 motion without an evidentiary hearing wherein he sought to vacate the court's sentence of felony murder, attempted first degree robbery, and assault with intent to kill with malice aforethought. We affirm.

Movant's conviction was affirmed by this court in *State v. Hogan*, 565 S.W.2d 848 (Mo.App.1978). Subsequently, movant filed a petition for writ of error coram nobis. Hearing was held on the motion and the trial court dismissed without prejudice the issues raised therein and sustained the state's motion to dismiss the writ. The appeal of the ruling was denied by this court without opinion. Thereafter, movant filed this Rule 27.26 motion. After the movant presented some evidence on his motion, the state filed a motion to dismiss which the trial court sustained as to two of the three counts, the felony murder count and the attempted first degree robbery count. Thereafter, movant withdrew that portion of his Rule 27.26 petition which related to the count which had not been dismissed. He now appeals the dismissal of the remaining two counts.

In a Rule 27.26 motion, the movant has the burden of stating the facts upon which he bases his claim of ineffective assistance of counsel. *Tollison v. State*, 556 S.W.2d 455, 457 (Mo.App.1977). A hearing must be held on a Rule 27.26 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." Rule 27.-26(e). On appeal, our review is limited "to a determination of whether the findings, conclusions, and judgment of the trial court are clearly erroneous." Rule 27.26(j); *Rice v. State*, 585 S.W.2d 488, 493 (Mo. banc 1979).

The trial court had before it the transcript of the original trial, the evidence on the petition for writ of error coram nobis, and some evidence on the motion to dismiss which revealed that movant had escaped twice following the jury's verdict.

In his motion, movant's main contention for relief is based on an alleged conflict of interest involving his attorney at trial. Movant contends that his attorney represented one of the state's principal witnesses, Alford Williams, in a civil suit unrelated to the trial of defendant's criminal charges at the same time the defendant was being tried. There is evidence in the record that prior to trial, the attorney revealed to defendant his representation of Williams. There is further evidence in the record that the defense attorney had discontinued Williams' representation prior to trial. The transcript reveals that the defense attorney made a vigorous cross examination of Williams and attempted by his cross examination to pinpoint him as the real murderer.

Movant principally relies on *State v. Crockett*, 419 S.W.2d 22 (Mo.1967) wherein an assistant attorney general of the State of Missouri acted as defendant's defense counsel without defendant's knowledge of his dual allegiance. The *Crockett* court found that this dual allegiance required a reversal because the defendant was denied his constitutionally guaranteed right to counsel. We note that our court broached the topic of conflicting interests in *State v. Cox*, 539 S.W.2d 684 (Mo.App.1976). There, the defendant's attorney also represented another individual who had been charged with the same theft as defendant and had already been tried. The state called this individual as the chief prosecuting witness in defendant's trial. There, our court found that the attorney represented "conflicting interests" and that the defendant had not knowingly consented to representation by his attorney of the prosecution witness. We found that the defendant had been deprived of effective assistance of counsel.

The facts presented in the case at bar are distinguishable from the facts of *Crockett* and *Cox*. Here, the trial court did not have before it an assistant attorney general acting as a defense attorney in a criminal

proceeding, nor was it faced with the "victim" of the crime represented by the defense counsel, nor was the prosecuting witness a defendant in the underlying crime. There was evidence of defendant's knowledge and consent to the dual representation as well as evidence of withdrawal by the defense attorney of representation in the prosecuting witness' unrelated matters prior to defendant's trial. *Cox* does not stand for the proposition that dual representation as a matter of law establishes ineffective assistance of counsel. *State v. Cooper*, 559 S.W.2d 261 (Mo.App.1977).

■■ However, what we find most significant in this record is the complete lack of prejudice. Defendant failed to allege any in his motion. We are not prepared to adopt a rule which holds that dual representation or simultaneous representation of a witness (not the victim) by a defense attorney in a totally unrelated matter requires the granting of a new trial to a defendant in the absence of some indication of prejudice. This is not to say that an attorney representing any client, defendant or otherwise, does not have a duty to constantly examine matters before him, including potential witnesses at trial, to determine whether or not there exists a conflict or a potential conflict. In the event a conflict or potential conflict exists, an immediate and complete disclosure should be made and the appropriate action taken. We rule this point against movant.

■ Movant's next major contention is that his escapes should not deprive him of a right to a hearing and relief under Rule 27.26. The movant has misinterpreted the thrust of the trial court's ruling. In his motion, movant alleged, among other things, that he was denied "his constitutional rights to a meaningful appeal" because of his attorney's after trial conduct. His escape caused him to forfeit his right to challenge his attorney's after trial conduct. *Wayne v. State*, 579 S.W.2d 780, 781 (Mo. App.1979). The court properly ruled that movant had no right to complain and the court could do this without an evidentiary hearing.

Movant's other allegations do not entitle him to an evidentiary hearing. We do not find the court's action in this case to be "clearly erroneous."

Judgment affirmed.

DOWD, P. J., and CRIST, JJ., concur.