Larry **WAYNE**, Appellant,

v.

Donald W. **WYRICK**, Warden, Missouri State Penitentiary, and John D. Ashcroft, Attorney General of Missouri, Appellees.

No. 80–1927.

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 9, 1981.

Decided April 20, 1981.

Rehearing Denied June 2, 1981.

---

Mary E. Fiser, Clayton, Mo., for appellant.

John Ashcroft, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, Mo., for appellees.

Before LAY, Chief Judge, and STEPHENSON and ARNOLD, Circuit Judges.

ARNOLD, Circuit Judge.

This is an appeal from a judgment of the United States District Court for the Eastern District of Missouri[1] entered on August 21, 1980, denying relief under 28 U.S.C. § 2254. The appeal presents one issue: Whether petitioner's counsel was constitutionally ineffective for failing to perfect a direct appeal of petitioner's conviction after petitioner escaped from custody.

Larry Wayne was convicted of second-degree murder in a Missouri state court on June 25, 1976, and was sentenced to life imprisonment on August 2, 1976. Petitioner's counsel filed a notice of appeal on August 12, 1976. Soon after the notice was filed, Wayne escaped, and on September 20, 1976, a *capias* warrant was issued for his arrest. He remained at large until November 10, 1977.

On April 15, 1977, petitioner's direct appeal was dismissed by the Court of Appeals of Missouri for failure to show cause why its rules had not been followed. His retained counsel had taken no action to perfect the appeal. He had not requested

leave to withdraw as plaintiff's counsel, nor did he inform the Missouri Court of Appeals of Wayne's escape. Petitioner maintains that his counsel knew of his desire to pursue his direct appeal, and that counsel knew his mother's address but did not contact her about the appeal either before or after it was dismissed.

In May of 1978, plaintiff filed a motion to vacate his sentence in the Missouri trial court pursuant to Missouri Supreme Court Rule 27.26. Along with other arguments, Wayne raised the issue of his counsel's failure to perfect his appeal. The motion was denied by the trial court without a hearing. On appeal the Missouri Court of Appeals denied the motion on the ground that "[a] defendant who escapes custody during post-trial proceedings relinquishes his right to appeal." *Wayne v. State,* 579 S.W.2d 780, 781 (Mo.App.1979). Wayne's request for rehearing and/or transfer to the Supreme Court of Missouri was denied on June 15, 1979. He later filed a Motion to Recall Mandate in the Missouri Court of Appeals, and it also was denied.

Petitioner asks this Court, in the alternative, either to grant his petition for habeas corpus relief by reinstating his right to a direct appeal in the Missouri state courts, or to set aside the judgment of the federal district court and remand the cause for an evidentiary hearing on the issue of ineffective assistance of counsel. Under the applicable law and the facts of this case, we can do neither.

The right to appeal a criminal conviction in Missouri is statutory. Mo.Rev.Stat. § 547.070. Regarding a lawyer's responsibility to perfect an appeal from a criminal conviction, the Missouri Court of Appeals has said that mere failure to take an appeal does not constitute ineffective assistance of counsel. "Only where the defendant wishes to appeal and his attorney either refuses or negligently fails to take the proper steps to appeal is there ineffective assistance of counsel." *Sampson v. State,* 570 S.W.2d 337 (Mo.App.1978). This Court's standard for

---

1. The Honorable John F. Nangle, United States District Judge. Judge Nangle adopted the report and recommendation of the Honorable William S. Bahn, United States Magistrate.

judging the competency of counsel is as follows:

> In order to prevail on a claim of ineffective assistance of counsel, a defendant must show that his attorney failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and that he was prejudiced thereby.

*Benson v. United States*, 552 F.2d 223, 224 (8th Cir.), *cert. denied*, 434 U.S. 851, 98 S.Ct. 164, 54 L.Ed.2d 120 (1977). Petitioner "bears a heavy burden of proving unfairness resulting from the alleged ineffective assistance of counsel." *Johnson v. United States*, 506 F.2d 640, 645 (8th Cir. 1974).

■ The question before us is whether the petitioner was prejudiced by his counsel's failure to perfect his direct appeal. The facts and chronology of the events surrounding Wayne's aborted appeal are undisputed. Wayne had told his attorney he wanted to appeal, and under ordinary circumstances his attorney's failure to perfect that appeal would amount to ineffective assistance of counsel, justifying some form of relief. Wayne's own actions, however, have taken from him any right he might otherwise have to complain. The general rule is that a criminal defendant who by his escape removes himself from the court's power and process and remains at large during the pendency of his appeal forfeits his right to appeal. This is the rule in the Supreme Court of the United States. *Molinaro v. New Jersey*, 396 U.S. 365, 90 S.Ct. 498, 24 L.Ed.2d 586 (1970) (per curiam); *Eisler v. United States*, 338 U.S. 189, 69 S.Ct. 1453, 93 L.Ed. 1897, 338 U.S. 883, 70 S.Ct. 181, 94 L.Ed. 542 (1949) (per curiam); *Smith v. United States*, 94 U.S. 97, 24 L.Ed. 32 (1876). The Court explained the rationale in *Molinaro*:

> No persuasive reason exists why this Court should proceed to adjudicate the merits of a criminal case after the convicted defendant who has sought review escapes from the restraints placed upon him pursuant to the conviction. While such an escape does not strip the case of its character as an adjudicable case or controversy, we believe *it disentitles the defendant to call upon the resources of the Court for determination of his claims.*

*Molinaro v. New Jersey, supra*, 396 U.S. at 366, 99 S.Ct. at 498 (emphasis supplied). And in *Estelle v. Dorrough*, 420 U.S. 534, 95 S.Ct. 1173, 43 L.Ed.2d 377 (1975) (per curiam), the Court upheld a Texas statute which provides for the automatic dismissal of an appeal unless the escaped appellant surrenders within ten days.

Missouri has long recognized the rule that escape disentitles the defendant to call upon the resources of the court. *State v. Logan*, 125 Mo. 22, 28 S.W. 176 (1894); *State v. Carter*, 98 Mo. 431, 11 S.W. 979 (1889); *White v. State*, 558 S.W.2d 372 (Mo.App. 1977). In *White v. State, supra*, White attended the first day of his trial but did not appear the second day. He was convicted *in absentia*, arrested several months later, and returned for sentencing. He filed a Rule 27.26 motion alleging incompetency of counsel at and after trial. His attorney had failed to file a motion for a new trial, which was a prerequisite to appellate review. As to his post-trial claims the court said:

> [A] defendant who escapes or flees the jurisdiction during his trial or during the post-trial proceedings relinquishes his right of appeal. . . . He is in no position to charge his counsel with ineffectiveness for failing to pursue that which movant by his conduct had relinquished.

*Id.* at 375.

■ Had Wayne's attorney attempted to perfect his appeal while he remained at large, the appeal would surely have been dismissed when the court learned of Wayne's fugitive status.[2] By his escape

---

**2.** In his pleadings in the district court Wayne claimed that two of the persons who escaped with him were allowed to pursue direct appeals. Brian Keith Moore's direct appeal is reported at *State v. Moore*, 580 S.W.2d 747 (Mo.1979) (en banc). Ross Hogan's appeal is found at *State v. Hogan*, 565 S.W.2d 848 (Mo. App.1978). After this case was submitted, we asked both parties to comment on this claim of unequal treatment. It appears from the par-

Wayne showed his disdain for the law and his unwillingness to abide by decisions adverse to him. While we think it would have been preferable for his attorney to respond in some way to the court's dismissal notice,[3] there was no course within his power which could have salvaged Wayne's appeal. For that reason Wayne was in no way prejudiced by his attorney's inaction.

The judgment is affirmed.

LAY, Chief Judge, concurring.

I concur. I write separately to emphasize that counsel for the defendant had a continuing obligation to file a notice of appeal and process the appeal. In the present case, he failed to fulfill his responsibility as appointed counsel. The record does not disclose why trial counsel failed to file the notice of appeal. It was incumbent on the state to move to dismiss the appeal on the basis of defendant's escape. Appointed counsel for a defendant should leave to the Supreme Court the judgmental decision that the appeal is subject to dismissal due to defendant's escape or for any other reason. Cf. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). I agree the failure of counsel to appeal did not result in prejudice due to the "escape rule."

ties' responses that both of the persons with whom Wayne claims to have escaped were back in custody when the Missouri state courts heard their appeals. Wayne's case differs in that he remained at large for over a year after sentencing.

Ross Hogan later filed a post conviction motion following his direct appeal alleging ineffec-

tive assistance of counsel on appeal. Hogan v. State, 604 S.W.2d 634 (Mo.App.1980). The court held that by escaping he forfeited his right to challenge his attorney's after-trial conduct.

3. See Johnson v. Caldwell, 458 F.2d 505 (5th Cir. 1972) (per curiam).