**Debra Mae JACKSON, Petitioner,**

v.

**Mickey GILL, Respondent.**

**No. 88–0776–CV–W–6–P–JWO.**

United States District Court,
W.D. Missouri, W.D.

Feb. 6, 1989.

Debra Mae Jackson, St. Joseph, Mo., pro se.

Hershel D. Shepherd, Asst. Pros. Atty., St. Joseph, Mo., for respondent.

MEMORANDUM AND ORDERS

JOHN W. OLIVER, Senior District Judge.

I

This State prisoner habeas corpus case, transferred to this division of this Court

pursuant to an order entered by the Honorable Howard F. Sachs, presents substantial questions as to whether petitioner's probation was revoked in accordance with the federal constitutional standards articulated in *Bearden v. Georgia,* 461 U.S. 660, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983); *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973); and *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972).[1]

The June 1, 1988 order of Judge Jackson which denied petitioner's May 1, 1988 petition for habeas corpus filed in the Circuit Court of Buchanan County, Missouri shows that an evidentiary hearing was conducted in that court on May 31, 1988. *See* Resp's Exh. G. Neither a copy of the transcript of the May 31, 1988 hearing, nor copies of any exhibits that may have been adduced in evidence at that hearing were attached to respondent's response.

An order will accordingly be entered requiring respondent to file a supplemental response to which shall be attached a copy of that transcript, together with copies of all exhibits that may have been adduced. A further order will be entered that will require respondent to attach copies of all notices and other filings that may have been served on the petitioner prior to the May 31, 1988 revocation hearing.[2]

## II

The general procedural posture of this case was broadly stated as follows in the respondent's response:

Petitioner, Debra Mae Jackson, is presently incarcerated in the Buchanan County Jail, St. Joseph, Missouri, pursuant to an *Order Revoking Probation* entered by the Circuit Court of Buchanan County in case number CR6880–258–FX [sic] and also pursuant to court order in case number CR688–42–FX awaiting trial, for the felony offense of failure of bailee to appear.

Petitioner was convicted of forgery in case number CR680–258–FX on September 4, 1981 and placed on probation. Petitioner's probation was revoked on August 30, 1985 and petitioner's sentence of two years ordered executed. Petitioner was given until September 16, 1985 to surrender herself to the Buchanan County Sheriff, for transportation to the Missouri State Penitentiary, and continued on bond. Petitioner failed to appear on September 16, 1985 and presently awaits trial for such failure to appear.

Response at 1–2.

The exhibits attached to that response establish that petitioner has fully exhausted all of her available postconviction remedies in regard to the validity of her probation revocation in case number CR680–285–FX by filing successive petitions for habeas corpus in the Circuit Court of Buchanan County, the Missouri Court of Appeals, and the Supreme Court of Missouri, all of which were denied.[3]

Petitioner's May 1, 1988 petition for habeas corpus filed in the Circuit Court of Buchanan County alleged, in part, that "the only pretext or cause of [petitioner's] imprisonment and detention is by virtue of a sentence imposed by the circuit court of said county, upon an order revoking probation of petitioner charging her with 'violation of probation conditions' in that she

---

**1.** Petitioner also cited and relied on *Abel v. Wyrick,* 574 S.W.2d 411 (Mo. banc 1978), which accurately articulated and properly applied the federal constitutional standards mandated in *Gagnon* and *Morrissey.*

**2.** In order to make certain that this Court has all documentary evidence that respondent believes to be relevant and material, a further order will be entered that will require respondent to state whether any additional evidence should be before this Court before it determines petitioner's pending petition for federal habeas corpus relief.

**3.** Petitioner's State petitions for habeas corpus and petitioner's pending petition for federal habeas corpus attacked only the validity of her custody maintained pursuant to revocation of probation granted in CR688–42–FX. Although the data before this Court suggests that serious questions may be presented in regard to the validity of her custody under the commitment to await trial, filed February 2, 1988 in connection with the failure of bailee to appear charge (*see* Resp's Exh. K), those questions are not presented in this federal habeas corpus proceeding.

'failed to make a good faith effort to pay restitution, court costs and jail board' on a forgery conviction."

Petitioner alleged that her sentence was illegally and improperly imposed for the following reasons:

1. The Circuit Court denied petitioner equal protection of the laws and denied petitioner equal rights and opportunity under the law in that;

a) revocation by the court was based solely on her inability to pay restitution;

b) the said court did not consider reasons and evidence relating to her inability to pay restitution;

c) the said court having made the determination that probation condition upon restitution being paid, was an appropriate and adequate penalty for said offense of forgery did improperly find imprisonment to be a more appropriate and adequate penalty when shown petitioner lacked resources to pay restitution.

d) the said court did not consider alternatives to imprisonment such as extension of time, community service or reduction of restitution that may have equally served the penological interest of the state.

2. The Circuit Court failed to provide petitioner with minimal requirements of due process by holding a revocation hearing that;

a) written notice of the revocation hearing only contained statements that petitioner "failed to abide by terms of probation" and "failed to make a good faith effort to pay restitution"; said notice did not provide circumstances of alleged violation of probation terms thereby impairing petitioner's ability to fully and properly prepare for said hearing.

b) no notice was given petitioner that Michael Marion Jackson, (petitioner's former husband, who pursuant to a divorce decree was ordered to pay $994.64 on the restitutional amount) had not made payments on his marital obligation and that such fact jeopardized petitioner's probation.

c) no documents, accounts or records of payment were offered as evidence but only the testimony of the prosecutor and probation officer were presented thus preventing petitioner from confronting and cross examining adverse evidence and/or witnesses against her.

d) no written statement was made as to what evidence the court relied in its decision to revoke said probation, nor does the record reflect that any consideration was given to said petitioner's ability to pay nor does said record show that any alternatives to imprisonment were considered by the court.[4]

Response, Exh. F at 2–3.

After the petition in the Circuit Court of Buchanan County had been denied for the reasons stated in Judge Jackson's June 1, 1988 order (Resp's Exh. G), petitioner filed a second petition for habeas corpus in the Missouri Court of Appeals, Western District, on June 4, 1988. *See* Resp's Exh. J. That second petition reiterated the grounds alleged in the first petition and, in addition, cited and relied on *Bearden v. Georgia, supra,* in support of her first ground for habeas relief and cited and relied on *Gagnon v. Scarpelli, supra; Morrissey v. Brewer, supra;* and *Abel v. Wyrick, supra,* in support of the second ground alleged in the first petition. That second petition was apparently denied without any opinion by the Missouri Court of Appeals.[5]

Petitioner's third petition for State habeas corpus relief was filed in the Supreme

---

**4.** Petitioner also alleged as a third ground for State habeas relief that she had not been given proper credit on her prison term for confinement in a state mental hospital that arose as a result of the forgery charge filed against her and for 3 years and 359 days spent on probation. Petitioner's third ground, although alleged as a ground for federal habeas relief, does not present a federal constitutional question that may properly be considered by this Court.

**5.** We say "apparently denied without any opinion" because no opinion of that court was attached as an exhibit to the respondent's response. If an opinion was, in fact, filed, respondent shall attach a copy to the supplemental response that will be filed pursuant to an order that will be entered.

Court of Missouri. *See* Resp's Exh. J. The third petition alleged the same two grounds for habeas corpus relief in precisely the same language as those grounds were alleged in the second petition.[6] The Supreme Court of Missouri denied petitioner's third petition on July 26, 1988 without opinion by use of its printed form of denial.

Petitioner's *pro se* petition for federal habeas corpus relief and her traverse to the response filed by the respondent relies on the same two federal constitutional grounds presented in her three State court petitions. Petitioner's *pro se* petition in this Court, as did the second and third petitions filed on her behalf by counsel in the State courts, expressly relies on *Bearden, Gagnon, Morrissey,* and *Abel.*

### III

Respondent's response on the merits simply states that the respondent "adopts the findings of fact and conclusions of law as set forth" in Judge Jackson's June 1, 1988 order denying petitioner's petition for habeas corpus filed in the Circuit Court of Buchanan County. Resp's Exh. G. In regard to petitioner's first ground for federal habeas relief, respondent simply cited, but did not discuss, *Bearden v. Georgia.* The response contains no discussion whatever in regard to the second ground alleged in petitioner's federal habeas petition.

The question of whether the pending petition for federal habeas relief may properly be denied for the reasons stated in Judge Jackson's June 1, 1988 order depends on whether the findings of fact made in that order were reliably found and whether the conclusions of law stated in that order appropriately articulated and properly applied the controlling federal constitutional standards that must be applied to a probation revocation as articulated by the Supreme Court of the United States in *Bearden, Gagnon,* and *Morrissey.*[7]

Our detailed discussion of the exhibits attached to the respondent's response establishes that the respondent has failed to provide this Court with copies of the material and relevant documentary evidence that must be considered in determining whether petitioner may be entitled to federal habeas corpus relief on either the first or second ground alleged in her pending federal habeas petition. The order to be entered will require the prompt production of that documentary evidence. *See* 28 U.S.C. § 2254(e).

### IV

This Court recognizes that the processing of this case has been complicated by the fact that the respondent has maintained custody of the petitioner under both the August 30, 1985 order revoking probation and the February 2, 1988 commitment to await trial on the failure of bailee to appear charge made in case number CR688–42–FX. Petitioner's traverse to the respondent's response, a letter to Judge Sachs, and a letter to the Clerk of this Court suggest that petitioner claims that the filing of the charge in case number CR688–

---

6. In the suggestions filed in support of the third petition, petitioner emphasized her reliance on *Bearden v. Georgia, supra,* to support the first ground of her petition by stating: "As in *Bearden v. Georgia, supra,* probationer, Debra Mae Jackson was placed upon probation on the conditions she pay courts [sic] cost, jail board and restitution in the amount of $3,935.23. The record reflects that restitution was to be paid from 20 percent of her future earnings. In fact, probationer did pay 20 percent of her earnings but unfortunately those earnings did not amount to much because during her four years of probation, probationer lost her job due to a fire burning her work place, gave birth to one child, had a miscarriage, was raising the children with no child support and as stated in the record suffered from a host of medical problems. Like probationer in *Bearden v. Georgia,*

*supra,* Debra Mae Jackson was unable to get work due to the circumstances that surrounded her. She did give her best efforts to pay restitution even to the extent that when she divorced her husband it was decreed that he pay $994.64 toward the restitutional debt she owed. Probation for 3 years and 359 days was in every other way abided by."

7. For Article VI, Clause 2, of the Constitution of the United States provides that: "This Constitution, and the Laws of the United States which shall be made in Pursuance thereof … shall be the Supreme Law of the Land; and the Judges in every State shall be bound thereby, any Thing in the Constitution or Laws of any State to the Contrary notwithstanding."

42–FX may have been closely related to the proceedings to revoke the probation granted in case number CR680–258–FX.

The files and records of this Court suggest that petitioner may not have served respondent with a copy of her traverse or with a copy of her letters to Judge Sachs and to the Clerk. An order therefore will be entered directing the Clerk of this Court to send copies of those filings to counsel for the respondent so that he will be advised of petitioner's potential claims.

The record in this case shows that because the petitioner is in the custody of the Sheriff of Buchanan county, the Prosecuting Attorney of that county, rather than a member of the Attorney General's staff, appears as counsel for the respondent. Experience establishes that it is indeed a rare case when a Prosecuting Attorney is required to represent a respondent in a State prisoner habeas corpus case.

Accordingly, should the Assistant Prosecuting Attorney of Buchanan County who represents the respondent believe that a conference with the Court would be helpful under the circumstances, the Court will promptly convene such a conference if requested to do so. An order will be entered to so provide.

V

Accordingly, for the reasons stated, it is

ORDERED (1) that on or before February 15, 1989, respondent shall prepare, serve, and file a supplemental response to the order to show cause heretofore entered in this case to which shall be attached a full and complete copy of the transcript of the evidentiary hearing held on May 31, 1988 in regard to denial of petitioner's petition for habeas corpus by the Circuit Court of Buchanan County, Missouri, together with copies of all exhibits that may have been adduced at that hearing. It is further

ORDERED (2) that respondent shall also attach to the supplemental response a copy of the legal file of the Circuit Court of Buchanan County, Missouri which should include copies of all motions to revoke, all notices served on the defendant, and any and all other documents which will reflect the process accorded petitioner in regard to the August 30, 1985 revocation of the probation granted her. It is further

ORDERED (3) that respondent shall also attach to the supplemental response a copy of any opinion of the Missouri Court of Appeals, Western District, that may have been written in connection with that court's denial of petitioner's second petition for State habeas corpus relief. It is further

ORDERED (4) that respondent shall state whether he believes that any evidence in addition to the exhibits attached to respondent's initial response and those to be attached to respondent's supplemental response should be before the Court before it determines the merits of petitioner's pending petition for federal habeas corpus relief. It is further

ORDERED (5) that the Clerk is hereby directed to forward copies of the petitioner's traverse and copies of the letters to Judge Sachs and to the Clerk of this Court to counsel for the respondent. It is further

ORDERED (6) that the Court will promptly convene a conference with counsel for the respondent if requested to do so. If counsel believes such a conference would be helpful under the circumstances, he shall contact one of this Court's law clerks to arrange for a convenient time and date.