John William BROWN, Petitioner,

v.

MISSOURI BOARD OF PROBATION AND PAROLE and Bill Armontrout, Warden, Respondent.

No. 89–1121–CV–W–JWO.

United States District Court,
W.D. Missouri, W.D.

Dec. 8, 1989.

John William Brown, Jefferson City, Mo., pro se.

William Webster, Atty. Gen., Jefferson City, Mo., for respondent.

MEMORANDUM AND ORDERS
DIRECTING FURTHER
PROCEEDINGS

JOHN W. OLIVER, Senior District Judge.

I

The pending state prisoner petition for federal habeas corpus relief is before this Court for a second time. Petitioner's first Section 2254 petition, filed as *Brown v. Armontrout,* No. 88–1029–CV–W–8–JWO–

P, was dismissed without prejudice for failure to exhaust by an order entered on March 16, 1989.[1] On November 20, 1989, however, the petitioner filed a *pro se* motion entitled as a "motion to vacate and reinstate" in Case No. 88–1029–CV–W–8–JWO–P.

For reasons stated in a memorandum filed in that case on November 30, 1989, petitioner's *pro se* motion was treated as a motion for leave to file a second petition for federal habeas corpus relief and an order was entered directing the Clerk to file a copy of petitioner's first *pro se* petition for habeas corpus originally filed in Case No. 88–1029–CV–W–8–P–JWO as petitioner's second petition for federal habeas corpus relief.

A further order was entered in petitioner's first case that directed the Clerk to file a copy of this Court's November 30, 1989 order entered in petitioner's first case in this, the petitioner's second case, together with a copy of petitioner's *pro se* motion entitled "motion to vacate and reinstate" and the exhibits attached thereto that were filed in petitioner's first case.

That order was entered so that the exhibits attached to the petitioner's "motion to vacate and reinstate" would be before this Court for consideration in its determination of what further proceedings should be directed in regard to petitioner's second petition for federal habeas corpus relief. The files and records in this second case show that the Clerk complied with the orders entered in petitioner's first case.

It is therefore clear that although the petition for habeas corpus before the Court in this case is identical to the petition filed in petitioner's first case, the question of whether petitioner has now exhausted his available state postconviction remedies must be considered in light of Exhibits B, C, and D attached to petitioner's *pro se* "motion to vacate and reinstate."[2]

For reasons stated in the next part of this memorandum opinion, it is necessary that an order be entered pursuant to Rule 7 of the Rules governing Section 2254 cases under which the record before the Court may be expanded to obtain additional material relevant to the determination of the question of whether petitioner has, in fact, exhausted his available state court postconviction remedies.

## II

### A.

Judge Stevens' order to show cause entered on November 7, 1988 in petitioner's first case accurately summarized petitioner's federal claim by stating that the petitioner "challenges the decision of the Missouri Board of Probation and Parole to rescind an unexecuted grant of parole to petitioner without any type of notice or opportunity to be heard" and that the petitioner "contends that the decision of the state agency denied him due process." Doc. 4 at 2.

On December 7, 1988 respondent filed his first response to Judge Stevens' order to show cause that prayed that petitioner's first federal habeas petition should be dismissed without further judicial proceedings. That response did not address the

---

**1.** In further regard to this Court's March 16, 1989 order, it should be added that the files and records in Case No. 88–1029–CV–W–8–JWO–P show that on April 3, 1989 this Court denied petitioner's request for a certificate of probable cause required by 28 U.S.C. § 2253 and Fed.R. App.P. 22(b) and also denied petitioner's application for leave to proceed in forma pauperis on appeal required by 28 U.S.C. § 1915(a) and Fed. R.App.P. 24(a). On June 28, 1989 the Court of Appeals for the Eighth Circuit entered an order denying petitioner's application for a certificate of probable cause filed in that Court and dismissed petitioner's appeal. On July 7, 1989 the Court of Appeals also denied a petition for writ of mandamus filed by petitioner in that court.

**2.** As we stated in our November 30, 1989 memorandum opinion filed in petitioner's first case, a copy of which is filed in this case, Exhibit B is a copy of an order entered by the Supreme Court of Missouri on November 14, 1989 denying petitioner's petition for habeas corpus filed in that court; Exhibit C is a copy of an order entered by the Missouri Court of Appeals, Western District, on August 24, 1989 denying petitioner's petition for habeas corpus filed in that court; and Exhibit D is a copy of an order entered by the Circuit Court of Cole County, Missouri on August 21, 1989 denying petitioner's petition for habeas corpus filed in that court.

merits of petitioner's federal claim. Rather, the prayer of the response was based on the ground that petitioner should be required to exhaust by filing a declaratory judgment action.

Petitioner thereafter filed a traverse on December 12, 1988 in which he contended that the issue he sought to present in his first federal habeas corpus petition had, in fact, been fairly presented to a Missouri court in a petition for habeas corpus that petitioner had filed in the Supreme Court of Missouri but that his state court petition for habeas corpus had been summarily denied by that court. Respondent filed a second response to Judge Stevens' order to show cause on December 12, 1988 to which he attached a copy of the Supreme Court of Missouri's files in *State ex rel John William Brown v. Missouri Board of Parole,* No. 68,353. That file of the Supreme Court of Missouri included, among other things, a copy of the petition for writ of habeas corpus filed by the petitioner in that court on June 30, 1986.[3]

Although petitioner's habeas corpus petition filed in the Supreme Court of Missouri made reference to other litigation then being maintained by the petitioner, it is quite clear that the petitioner did, in fact, fairly present to the Supreme Court of Missouri the federal claim that he has subsequently presented in his federal habeas corpus petitions. Specifically, petitioner alleged in his habeas petition filed in the Supreme Court of Missouri that on March 3, 1986 he was handed an envelope by his Institutional Parole Officer, John Bowen, and that:

> The envelope contained a notice from Respondents PAROLE BOARD, entitled: 1. *RELATING TO RELEASE CONSIDERATION,* which stated at Section No. 4:

> Your previously set release date has been cancelled. Your case will be heard in May, 1987. At the bottom of this notice, under the Section: The reasons for the action taken are: "On 2–3–86 we were advised by institutional parole staff that since February, 1985 you have received 4 conduct violations, some of a serious nature. Because of your continued poor adjustment in the Division of Adult Institution the Board is cancelling your release of 5–7–86 and scheduling you for a personal hearing in May, 1987."

> This notice was dated February 24, 1986.[4]

Petition at 4.

The petition further alleged that "the Respondent Parole Board took his outdate, that there was NO hearing, no notice or anything, no chance to respond." *Id.* at 4–5. Petitioner specifically alleged in his state habeas petition that he was denied due process of law under the principles stated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972). Petitioner also cited and relied on *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), and *Douglas v. Buder,* 412 U.S. 430, 93 S.Ct. 2199, 37 L.Ed.2d 52 (1973).

The file of the Supreme Court of Missouri in petitioner's Case No. 68,353 establishes that although petitioner's motion for leave to proceed in forma pauperis was granted on June 30, 1986, petitioner's petition for habeas corpus was summarily denied on September 16, 1986.

**B.**

Petitioner alleged in his first federal habeas petition that the "precise issue raised

---

**3.** The habeas petition filed in the Supreme Court of Missouri alleged that it was filed "pursuant to § 532.010 (1949), *et seq.,* and Missouri Supreme Court Rule 91"; that the petitioner was "being unlawfully restrained of his liberty" by the respondents Missouri Board of Probation and Parole, the warden of the Missouri Penitentiary and by the Attorney General of Missouri; and that the body of the petitioner and all of the named respondents were "within and subject to the jurisdiction of the Supreme Court of Missouri."

**4.** The habeas petition filed in the Supreme Court of Missouri also alleged that immediately after receipt of that notice on March 3, 1986 "I wrote a letter to my Institutional Parole Officer and to the Missouri Board of Probation and Parole, requesting to know why I was not given a hearing when I was first returned to the main prison and that the conduct violations were false, that at no time at any hearing at M.E.C.C. was it ever recommended that my outdate be taken." *Id.*

herein has been presented to and rejected by the Supreme Court of Missouri. *See, State ex rel. John William Brown v. Missouri Board of Probation and Parole, et al.,* No. 68,353, Sept. 16, 1986. *See,* Petitioner's Motion Exhibit B." [5] Petition at 6(a). Examination of the habeas petition filed in the Supreme Court of Missouri in Case No. 68,353 did establish that the petitioner did, in fact, present the due process issue concerning the validity of the Missouri Board of Probation and Parole's February 24, 1986 cancellation of his previously set release date to that court. That fact, however, did not establish that petitioner had exhausted his available state court postconviction remedies before he filed his first petition for federal habeas corpus. This Court so concluded when it dismissed petitioner's first federal habeas corpus petition without prejudice on March 16, 1989.

This Court's March 16, 1989 order, however, was not based on the notion that state habeas corpus was not an available state court postconviction remedy that petitioner could exhaust by properly complying with the applicable law of Missouri.

We discuss that question in the next part of this memorandum opinion. For the question of whether petitioner has, in fact, now exhausted his available state court habeas corpus remedy cannot be answered until after the record before this Court is expanded pursuant to Rule 7 of the Rules governing Section 2254 cases to include additional material that is not presently before this Court.

### III

#### A.

 While our March 16, 1989 order reflects our agreement that petitioner had not exhausted his available state court remedies, that order also made clear that we rejected the respondent's contention that a declaratory judgment action was the only state court remedy available to the petitioner under which he could obtain a full and fair hearing of the merits of his claim. This Court's March 16, 1989 order, a copy of which was attached as Exhibit A to petitioner's pending petition, stated that: "Under Missouri law the petitioner may challenge the action of the Missouri Board of Probation and Parole in the courts of Missouri by the filing of (1) a declaratory judgment action or (2) a writ of habeas corpus pursuant to Rule 91.01 of the Missouri Supreme Court Rules." Doc. 1 at 1. *Page v. Wyrick,* 674 S.W.2d 540 (Mo. banc 1984), was cited in that order as an example of a case in which a petitioner's claim of alleged unlawful conduct on the part of the Missouri Board of Probation and Parole was considered on the merits in Missouri Rule 91.01 habeas corpus proceedings.[6]

*Page v. Wyrick* was also recently cited by this Court in *Hoy v. Jim Jones,* No. 88–0440–CV–W–8–JWO–P, 1989 WL 161009 (W.D.Mo. March 27, 1989). The respondent conceded in that case that a petitioner's federal claim that the Missouri Board of Probation and Parole had revoked his parole in violation of principles stated in *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli,* 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), could be exhausted in a Missouri Rule 91.01 habeas corpus proceeding. Respondent conceded in *Hoy* that the petitioner had filed a habeas petition in the circuit court but contended that there was

---

5. Petitioner's Motion Exhibit B attached to petitioner's federal habeas petition was a copy of the Supreme Court of Missouri's September 16, 1986 order that summarily denied petitioner's petition for habeas corpus entered by that court. The entire file in the Supreme Court of Missouri's Case No. 68353 was, of course, attached to the respondent's second response to Judge Stevens' order to show cause. That file has been summarized above.

6. *Page v. Wyrick* has frequently been cited by this Court for the same purpose in numerous Section 2254 habeas cases both before and after petitioner's first petition was dismissed without prejudice for failure to exhaust. See, for example, *Bentley v. Missouri Board of Parole,* No. 88–1165–CV–W–JWO, 1989 WL 161004 (W.D.Mo. Jan. 26, 1989), and *Heggie v. Higgins,* No. 89–0343–CV–W–JWO–P, 1989 WL 161011 (W.D.Mo. May 25, 1989), in which federal habeas petitions were dismissed without prejudice for the reason petitioner failed to file either a declaratory judgment action or appropriate habeas corpus petitions in the courts of Missouri.

a failure to exhaust because the petitioner should also be required to file a habeas petition in the Missouri Court of Appeals and, if that court denied habeas relief, thereafter to file a habeas petition in the Supreme Court of Missouri.

Under the procedures directed in *Hoy*, however, it was established, contrary to the respondent's representation, that the petitioner had, in fact, filed a habeas petition in the Missouri Court of Appeals that had been summarily denied by that court. Examination of the two state habeas petitions filed in *Hoy* established that the issues presented to the courts of Missouri in his state habeas petitions were substantially the same as the issues presented in his federal habeas petition.

This Court accordingly rejected the respondent's exhaustion argument that a federal petitioner must file successive petitions for habeas corpus, first in the state trial court, second in a Missouri court of appeals, and finally in the Supreme Court of Missouri.

That rejection was based on the exhaustion principles stated in *Romano v. Wyrick*, 681 F.2d 555, 557 (8th Cir.1982), in which the Eighth Circuit held that a petitioner for federal habeas corpus must be held to have fully exhausted his available state habeas corpus remedy in a probation revocation case by filing successive habeas petitions in the state trial court and, there-

after, in either a Missouri court of appeals or in the Supreme Court of Missouri.[7]

### B.

The petitioner in this case, of course, did file a petition for habeas corpus in the Supreme Court of Missouri before he filed his first petition for federal habeas corpus relief. This Court, however, applying the principles of comity and federalism codified in 28 U.S.C. § 2254(b) and (c), rejected the petitioner's contention that he had thereby exhausted his available state habeas corpus remedy. That rejection was based on the ground that the Supreme Court of Missouri had presumably based its summary denial of the petitioner's habeas petition on Missouri Rule 91.02. Rule 91.02 provides in substance that, absent a showing of good cause, a petitioner's habeas petition must be filed in the first instance in the circuit court of the county in which the petitioner is held in custody before the Supreme Court of Missouri will exercise the habeas corpus jurisdiction conferred on that court by Art. 5, § 4 of the Constitution of Missouri.[8]

Rule 91.02, adopted June 24, 1982, effective January 1, 1983, had former Rule 91.59 as its source. *See* 1983 Committee Note, V.A.M.R. 1989 Supp. at 27.[9] The order dismissing petitioner's first federal habeas petition, quoted in footnote 7 above, simply applied the long standing exhaustion rule followed by this Court in cases in which

---

**7.** After our rejection of the respondents' habeas corpus exhaustion contention in *Hoy,* this Court considered the merits of the petitioner's federal claims based on *Morrissey* and *Scarpelli* and concluded under the particular factual circumstances established by the Parole Board's records in that case, that the petitioner was not entitled to federal habeas corpus relief. The petitioner in *Hoy,* having at long last received a full and fair hearing of his postconviction claims, did not notice an appeal to the Court of Appeals for the Eighth Circuit from this Court's denial of his federal habeas corpus petition.

**8.** See footnote 1 on page 2 of this Court's May 16, 1989 order dismissing petitioner's first habe-as petition. That footnote reads as follows: "Exhibit D attached to petitioner's December 19, 1988 reply establishes that petitioner has filed a Rule 91 motion in the Missouri Supreme Court. That case was summarily denied presumably

because it was improperly filed. *See* Mo.S.Ct. Rule 91.02 (requiring habeas petition to be filed in the first instance in the circuit court of the county in which the person is held in custody, unless good cause is shown). Such a denial does not preclude petitioner from properly filing a State habeas petition in the Circuit Court of Cole County, Missouri and, if that petition is denied, to thereafter file a petition for habeas corpus in the Missouri Court of Appeals, Western District. Nor does that denial preclude petitioner from exhausting his available declaratory judgment remedy noted above."

**9.** Former Rule 91.59 was substantially the same as repealed Section 532.030, R.S.Mo.1959, except that the language "this chapter" in the statute was changed to read "Rule 91" in former Rule 91.59, V.A.M.R. at 154. Section 532.030 dates back to R.S. 1855 at 849. See Historical Note to that section, V.A.M.S. (1959).

state habeas corpus is the state postconviction remedy available to a petitioner for federal habeas corpus. See, for example, Chief Judge Becker's reference to former Rule 91.59 in *Manning v. Swenson*, 360 F.Supp. 362, 365 (W.D.Mo.1973), in which a federal habeas corpus petition was dismissed without prejudice for failure to exhaust. The petitioner in *Manning* was advised that in order to exhaust, he should "not only file a petition for habeas corpus in the first instance in the circuit court in and for the county in which he is held, Rule 91.59, Mo.R.Civ.P., V.A.M.R., but if that court rules adversely on his petition, he should successively file a petition for habeas corpus in the Missouri Supreme Court."

It is thus clear that this Court's dismissal of petitioner's first federal habeas corpus petition without prejudice for failure to exhaust was consistent with the principles of comity and federalism that this Court has followed over the years in refusing to hold that the summary dismissal of a petition for state habeas corpus by the Supreme Court of Missouri, standing alone, is sufficient to exhaust a federal habeas petitioner's available state habeas corpus postconviction remedy.

### C.

The respondent contended in his response to Judge Stevens' show cause order entered in petitioner's first case that *Page v. Wyrick* should be read as an implicit holding that the Supreme Court of Missouri did not have jurisdiction to consider the claims alleged in petitioner's state habeas corpus petition. It is appropriate that we detail the reasons why that contention was held to be untenable. For it is to be anticipated that the respondent might otherwise attempt to present the same contention in response to the show cause order that will be entered in this, the petitioner's second federal habeas corpus case.

The respondent stated in his first response to Judge Stevens' order to show cause that *Page v. Wyrick* was the only

case "interpreting the role of habeas corpus in parole" decided by the Supreme Court of Missouri since "the reorganization of the procedure for state habeas corpus in Missouri Supreme Court Rule 91, effective January 1, 1983." *Id.* at 4. Respondent then noted that the Supreme Court of Missouri "did not investigate or question the conduct of the Board of Probation and Parole" in its short three-paragraph opinion in *Page v. Wyrick* and argued that the "lack of inquiry into the conduct of the Board of Probation and Parole indicates that the court felt that it had no jurisdiction to consider it under the new Rule 91." [10] *Id.* at 4–5.

Respondent's arguments are untenable for what should be obvious reasons. The Supreme Court of Missouri stated in *Page v. Wyrick* that the respondent, after an adverse decision by the Missouri Court of Appeals, Western District, had filed an application to transfer the case to the Supreme Court of Missouri and had concurrently filed a petition for certiorari in that court. The court stated that it had "ordered the two proceedings consolidated in this Court and *now consider* the same *as an original proceeding in habeas corpus.*" (Emphasis added). 674 S.W.2d at 540. It is thus clear that the Supreme Court of Missouri decided the merits of the petitioner's petition for state habeas corpus relief in *Page v. Wyrick*.

The principal point stated in the respondent's application for transfer was that "the petitioner's failure to name as a respondent the Board of Probation and Parole or any of its members operated to divest the Court of Appeals of jurisdiction to entertain his claims, at least insofar as they related to his denial of parole or a parole hearing." *Id.* at 3. Examination of the briefs filed in the Missouri Court of Appeals, Western District, establishes that respondent's principal point for transfer and certiorari did not occur to the respondent until after the Missouri Court of Appeals, Western District, had handed down

---

10. The respondent also argued that: "Implicit in the holding of the Missouri Supreme Court [in *Page v. Wyrick*] is the fact that the Missouri

Supreme Court had no jurisdiction to consider that petitioner's claim." *Id.* at 4.

its opinion granting the petitioner appropriate habeas corpus relief.

The respondent, in apparent recognition that its principal point would be recognized as an afterthought, argued on the merits that "even if the petitioner had named the Board of Probation and Parole as a respondent in this case, transfer is nevertheless justified, since the Court of Appeals' conclusion that the Board of Probation and Parole should have granted the petitioner a hearing before denying him an administrative parole under 14 C.S.R. 80–2.050 is unsupported by the federal decisions cited in the court's opinion." [11] *Id.* at 3–4.

The Supreme Court of Missouri's express statement that it was considering the transferred case as "an original proceeding in habeas corpus," makes it obvious that it intended to and did rule the merits of the petitioner's habeas corpus claim. For that court concluded that the petitioner's "continued custody by respondent warden is not unlawful" and accordingly ordered that the petitioner should be "remanded to respondent warden's custody under the committing judgments and sentences." 674 S.W.2d at 540.

This Court is therefore satisfied that nothing that was said in the Supreme Court of Missouri's short opinion in *Page v. Wyrick* can fairly be said to support the respondent's notion that "the court felt that it had no jurisdiction to consider [the conduct of the Board of Probation and Parole]

under the new Rule 91." Resp's 1st Response at 5.

It should be added that contrary to the respondent's representation, Rule 91.01 was not included in what the respondent called the "reorganization" of the procedure for state habeas corpus in Missouri Supreme Court Rule 91. *Id.* at 4. This Court recently noted in *Fletcher v. Armontrout*, 725 F.Supp. 1075, that "Rule 91.01, consistent with the procedural law of Missouri regulating habeas corpus proceedings since Territorial days, provides ... that '[a]ny person restrained of his liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint.'" [12] (At 1086).

It is thus clear that whatever other changes the Supreme Court of Missouri may have made in its 1983 "reorganization" of Rule 91, it did not make any change in the long-standing habeas corpus procedure under which it has exercised the habeas corpus jurisdiction conferred on that court by Art. 5, § 4 of the Constitution of Missouri. Art. 1, § 4 of the Bill of Rights of the Constitution of Missouri, of course, prohibits the suspension of the privilege of the writ of habeas corpus.

### D.

It would violate familiar principles of federalism and comity for this Court to accept the respondent's suggestion that the Supreme Court of Missouri "implicitly

---

**11.** Respondent also argued that the Missouri Court of Appeals' determination that the "case by case" review provided by 14 C.S.R. 80–2.050 was "closely akin to a parole revocation hearing" was unsupported by case law. *Id.* at 4. The Missouri Court of Appeals' opinion, copy of which we obtained from that court, establishes that the Court of Appeals based its conclusion that the petitioner "was denied administrative parole without prior notice and an opportunity for a hearing and that such action deprived him of a constitutional 'liberty interest' without due process of law" on its careful analysis of the undisputed factual circumstances, its consideration of 14 C.S.R. 80–2.050, and its application of the principles of federal constitutional law articulated in *Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2974, 41 L.Ed.2d 935 (1974); *Greenholtz v. Inmates of Nebraska Penal and Corrections*, 442 U.S. 1, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979); *Hewitt v. Helms*, 459 U.S. 460, 103

S.Ct. 864, 74 L.Ed.2d 675 (1983), and a number of lower federal court cases that made application of the principles stated in the Supreme Court of the United States cases.

**12.** Footnote 18 appended to that sentence in *Fletcher* pointed out that:

The 1983 Committee Note to present Rule 91.01 states that the "source [of present Rule 91.01] is prior Rule 91.01." V.A.M.R. 91.01, 1989 pocket part at 25. The 1959 Committee Note to original Rule 91.01 states that "[t]his rule is substantially the same as Section 532.-010 R.S.Mo.1959...." V.A.M.R. 91.01 at 119. Indeed, original Rule 91 was almost an exact copy of Section 532.010. The Historical Note to that Section 532.010 states that section was taken from the "Act June 27, 1807, 1 Terr. Laws, p. 97, § 1; Act Jan. 11, 1815, 1 Terr. Laws, p. 352, § 1; R.S. 1825, p. 419, §§ 1, 2."

held" in *Page v. Wyrick* that it had "no jurisdiction to consider that petitioner's claim" in a Rule 91.01 habeas corpus proceeding. For acceptance of such a notion would require that this Court reach and decide the questions that it discussed in detail but did not decide in *Richardson v. Miller*, 716 F.Supp. 1246 (W.D.Mo.1989).

We need not make any further reference to *Richardson* other than to state that in part II of Appendix C attached to our opinion in that case (*see* 716 F.Supp. at 1272) we cited and discussed the Missouri cases that hold that a state habeas proceeding has long been held to be an available state court corrective procedure under which a prisoner could assert federal postconviction claims that the Supreme Court of Missouri had held were outside the scope of repealed Rule 27.26. We added in *Richardson* that "[c]ases presenting a prisoner's federal claim that his probation or parole was revoked in violation of the constitutional standards articulated in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and *Gagnon v. Scarpelli*, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), provide familiar examples."[13] 716 F.Supp. at 1272.

We believe it is obvious that this Court must reject the untenable argument that the Supreme Court of Missouri implicitly overruled the habeas corpus cases cited in *Richardson* in its three-paragraph opinion in *Page v. Wyrick* and that its decision in that case somehow "indicates that the court felt it had no [habeas corpus] jurisdiction" to consider a federal claim that the Missouri Board of Probation and Parole may have deprived a prisoner of the process due him in a probation or parole revocation proceeding.

We turn now to the reasons why further orders must be entered in this case.

## IV

■ Exhibits C, D, and E attached to petitioner's federal habeas corpus petition do not, standing alone, establish that the petitioner has, since the dismissal of his first federal habeas corpus petition, finally exhausted his available state court remedies. Those exhibits, assuming as we must that they are true copies of the orders entered, do no more than establish that the three petitions for habeas corpus filed by the petitioner were summarily denied by the Supreme Court of Missouri on November 14, 1989, by the Missouri Court of Appeals on August 24, 1989, and by the Circuit Court of Cole County, Missouri on August 21, 1989.

*Jackson v. Gill*, 704 F.Supp. 969 (W.D. Mo.1989), illustrates the fact that this Court may not properly conclude that a prisoner attacking an allegedly unconstitutional revocation of probation has exhausted his available state habeas corpus postconviction remedy unless it is established on the record before this Court that the petitions filed for state habeas corpus, in fact, presented the same federal question that is later presented in a federal habeas corpus petition.[14] *Jackson v. Gill* also illustrates that the merits of an exhausted federal claim may not properly be considered until the federal habeas corpus record is expanded so that the state record at which the petitioner's probation or parole was, in fact, revoked is before the federal habeas corpus court. The orders entered in *Jackson v. Gill, id.* at 973, required the respondent to expand the record before this Court by attaching additional material relevant to the determination of

---

**13.** *Moore v. Stamps*, 507 S.W.2d 939 (Mo.App. 1974); *Sincup v. Blackwell*, 608 S.W.2d 389, 391 (Mo.Sup.1980) (" 'habeas corpus ... is available to challenge the validity of parole or probation revocation proceedings resulting in incarceration, ... and this Court has jurisdiction of the cause under Mo. Const., Art. V, § 4'.") (*id.*) and the landmark probation revocation case of *Abel v. Wyrick*, 574 S.W.2d 411, 415 (Mo.Sup.1978) (en banc) (" 'petitioner filed a *pro se* petition for a writ of habeas corpus *in this court*' and 'a

preliminary writ issued *from this court.*' ") were cited as examples of the applicable Missouri rule. *Id.* at 1272–73.

**14.** *Gagnon v. Scarpelli*, 411 U.S. 778, 791, 93 S.Ct. 1756, 1764, 36 L.Ed.2d 656 (1973), makes clear that the constitutional standard applicable to a probation revocation is the same constitutional standard that was stated in *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), in regard to a parole revocation.

the merits of the petitioner's federal claim.[15]

In light of various letters and other material forwarded to this Court by the petitioner, this Court entertains little doubt that the petitions for state habeas corpus relief filed by the petitioner in the Circuit Court of Cole County, in the Missouri Court of Appeals, Western District, and in the Supreme Court of Missouri did, in fact, present the same due process question as that presented in petitioner's pending federal habeas corpus petition. This Court is satisfied, however, that any doubt in that regard should be resolved by the entry of an order pursuant to Rule 7 of the Rules governing Section 2254 cases that will expand the record before this Court to include copies of the petitions for habeas corpus that the petitioner filed in the respective courts of Missouri.

We are also satisfied that a Rule 7 order should be entered that will require that the record before this Court be expanded to include all materials that will reflect the procedures followed by the Missouri Board of Probation and Parole before it issued its notice dated February 24, 1986 which cancelled petitioner's previously set release date of May 7, 1986, copy of which was attached as Exhibit A to petitioner's pending federal habeas corpus petition. Finally, we are further satisfied that in light of the reasonable likelihood that the petitioner has, in fact, exhausted, an order should be entered directing the respondent to address the merits of the due process claim alleged in the pending petition for federal habeas corpus relief.

### V

For the reasons stated, it is

ORDERED (1) that in accordance with Rule 4 of the Rules Governing Section 2254 cases, the respondent shall, on or before December 29, 1989, file an answer to the pending petition for habeas corpus in which the respondent shall show cause why the relief prayed for in that petition should not be granted. It is further

ORDERED (2) that in accordance with Rule 5 and Rule 7 of the Rules governing Section 2254 cases, the respondent shall expand the record presently before this Court by attaching to the answer required under Order (1) additional material relevant to the determination of the exhaustion question presented and relevant to the determination of the merits of the due process question presented that shall include the following:

(a) copies of the legal files and records in the three state court habeas corpus proceedings identified in Exhibits B, C, and D attached to petitioner's pending federal habeas corpus petition that pended respectively as Case No. 72,005 in the Supreme Court of Missouri, as Case No. 42,367 in the Missouri Court of Appeals, Western District, and as Case No. CV189–770CC in the Circuit Court of Cole County, Missouri.

(b) copies of the files and records of the Missouri Board of Probation and Parole that will reflect the written documentation, the proceedings of the said Board, and all actions taken by said Board (i) in regard to the establishment of petitioner's previously set release date of May 7, 1986, as stated in the February 24, 1986 notice cancelling that release date, copy of which is attached as Exhibit A to petitioner's pending federal habeas corpus petition, (ii) in regard to said Board's issuance of its February 24, 1986 notice cancelling petitioner's previously set release date of May 7, 1986, and (iii) in regard to any action the said Board may have taken in regard to petitioner's parole subsequent to its cancellation of the previously set release date of May 7, 1986. It is further

ORDERED (3) that in accordance with Rule 5 of the Rules governing Section 2254 cases, the respondent shall attach as exhibits to the answer required by Order (1) copies of any existing transcripts of any proceedings of the Missouri Board of Probation and Parole taken in regard to peti-

---

**15.** After consideration of the expanded record, petitioner's petition for a writ of federal habeas corpus was granted in *Jackson v. Gill,* 711 F.Supp. 1503 (W.D.Mo.1989). The respondent did not notice an appeal to the Court of Appeals for the Eighth Circuit.

tioner's parole. In the event a particular proceeding of the said Board may not have been recorded, the respondent shall submit a narrative summary of the evidence adduced at any such proceeding. Respondent may, of course, attach any other documentary evidence to his answer that respondent may deem to be relevant. In the event no proceeding or hearing was ever conducted by said Board, the respondent shall so state in the answer. It is further

ORDERED (4) that the answer to the order to show cause entered in Order (1) above shall address the merits of the federal due process claim alleged in petitioner's pending federal habeas corpus, regardless of any view that respondent may entertain in regard to whether this case should be dismissed without further judicial proceedings in this Court.