_____

No. 95-1466
_____

Larry Wayne,                          *
                                      *
          Appellant,                  *
                                      * Appeal from the United States
     v.                               * District Court for the
                                      * Eastern District of Missouri.
Missouri Board of Probation and       *
Parole; Paul Caspari,                 *
                                      *
          Appellees.                  *


_____

          Submitted:  November 16, 1995

              Filed:  May 15, 1996
_____

Before RICHARD S. ARNOLD, Chief Judge, HENLEY, Senior Circuit Judge, and
     FAGG, Circuit Judge.

_____

HENLEY, Senior Circuit Judge.


     Larry Wayne filed this federal petition for habeas corpus under 28
U.S.C. § 2254 alleging that the Missouri Board of Probation and Parole
(through its Chairman, Paul Caspari) had violated his federal
constitutional rights in denying his application for parole from custody
on a Missouri state conviction.  Pursuant to 28 U.S.C. § 636(b), the case
was referred to a United States Magistrate Judge who issued a report and
recommendation finding that the petition should be dismissed on the theory
that Wayne had failed to exhaust his state remedies as required by 28
U.S.C. §§ 2254(b) and (c).  The district court adopted the recommendation
of the magistrate judge and the petition was ordered dismissed without
prejudice.  Wayne filed a timely notice of appeal pursuant to 28 U.S.C. §
2253.  We reverse and remand for further proceedings.

**BACKGROUND**

Petitioner Wayne is serving a life sentence on a 1976 Missouri conviction for murder in the second degree. See Wayne v. Missouri, 579 S.W.2d 780 (Mo. App. 1979). He was eligible for parole in February 1993 but parole was denied by the Missouri Board of Probation and Parole. The parole board stated that it was denying parole "in its discretion" on grounds that to allow Wayne to be paroled would "depreciate the seriousness of the offense committed and/or promote disrespect for the law."

Wayne objected that neither the parole statute nor implementing regulations in effect at the time of his sentencing included the above-quoted language as a basis for denying parole, see R.S. Mo. § 549.261 (1978), but that regulations promulgated under a later-enacted statute now in effect do include such language. See R.S. Mo. § 217.690 (1986). Wayne immediately went into Missouri state court and filed a state petition for habeas corpus on grounds that he was being denied his state and federal constitutional rights by having the wrong parole statute and regulations applied to his parole application.

The state trial court denied the petition on its merits, ruling that Wayne had no protectible liberty interest in parole or the application of any particular parole regulations and therefore no basis to contest the denial of parole. The decision of the state trial court discussed no procedural or jurisdictional defects in the habeas petition. Wayne v. Missouri Bd. of Probation & Parole, No. 93-6506 (Circuit Court of St. Louis County) (May 13, 1993). The Missouri Supreme Court summarily affirmed. State ex rel. Larry Wayne v. Missouri Bd. of Probation & Parole, No. 93-75924 (Mo., June 29, 1993).

Wayne then filed this petition for habeas corpus in federal district court. The State of Missouri opposed the petition on grounds that it was premature because Wayne had allegedly failed to

exhaust his state remedies.  The State contended that the state habeas proceedings already completed were not the appropriate procedure for Wayne to challenge his parole denial in state court.  Instead, the State urged that the only procedure whereby Wayne could raise his claim that the Parole Board had applied the wrong law to his case was by means of a declaratory judgment action against the Missouri Board of Probation and Parole. Because Wayne had not filed a state declaratory judgment action but had instead filed a state habeas corpus action, the State argued that his federal habeas corpus suit must be dismissed.

The United States magistrate judge adopted the State's theory on exhaustion of state remedies and recommended that Wayne's federal habeas petition be dismissed to allow him to first file a declaratory judgment action in state court.  Wayne objected to this recommendation on grounds that he had already exhausted his state remedies by presenting his claims to the Missouri trial court and supreme court which had ruled on the merits of his claims.  The district court overruled these objections, adopted the report of the magistrate judge, and dismissed the federal habeas petition.

On this appeal, Wayne raises two issues.  First, Wayne contends that the district court erred by holding that he had failed to exhaust his state court remedies.  Wayne argues that it is far from clear that a declaratory judgment action is the only appropriate procedure to challenge a parole denial in Missouri.  In any event, he urges that the exhaustion doctrine does not require him to present his claims to the Missouri state courts a second time when those courts have already denied the same claims on the merits.  Second, Wayne contends that the Parole Board erred as a matter of law in applying the wrong standard to his application for parole.  Wayne thus says that he is entitled under Eighth Circuit and Missouri precedents to a new parole hearing.

## EXHAUSTION OF STATE REMEDIES

The federal habeas statute requires persons in state custody who seek federal habeas relief to first exhaust available state remedies.[1] This requirement is based on the principle that "as a matter of comity, federal courts should not consider a claim in a habeas corpus petition until after the state courts have had an opportunity to act." Rose v. Lundy, 455 U.S. 509, 515 (1982). "The purpose of exhaustion is not to create a procedural hurdle on the path to federal habeas court, but to channel claims into an appropriate forum, where meritorious claims may be vindicated and unfounded litigation obviated before resort to federal court." Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992). "It follows, of course, that once the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." Vasquez v. Hillery, 474 U.S. 254, 257 (1986) (quoting Picard v. Connor, 404 U.S. 270, 275-76 (1971)).

Petitioner Wayne contends on this appeal that, having presented his federal claims in one complete round of litigation before the Missouri trial court and the Missouri supreme court (on petition for state habeas corpus), the exhaustion doctrine does not require him to relitigate those same claims before the Missouri courts using a different procedural device (an action for

---

[1] 28 U.S.C. § 2254 provides in relevant part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

-4-

declaratory judgment).  We agree.

We find the State's argument that Wayne should be forced to return to the Missouri courts unavailing for two principal reasons. First, our review of the Missouri case law does not support the State's assertion that Missouri law is clear that the only appropriate manner in which to bring a challenge to a parole denial is by action for declaratory judgment.  Second, and more importantly, we believe that the exhaustion requirement has been fully satisfied in this case by Wayne's prior attempts to gain relief in state court.

On the issue of what procedural device should be used to challenge a parole denial in Missouri, Missouri law appears to sanction several options.  First, Missouri Supreme Court Rule 87.02(c) provides that the validity or application of a State agency's rules may be tested in a declaratory judgment action filed against the relevant agency.[2] The State contends that the Missouri Board of Probation and Parole is one such state agency and that its application of parole regulations may be challenged in a declaratory judgment action.  In at least two recent cases the Missouri courts have implicitly approved the use of a declaratory judgment action to contest parole denial by proceeding to rule on the merits of the claims. See, e.g., Cooper v. Missouri Bd. of Probation & Parole, 866 S.W.2d 135 (Mo. 1993) (en banc) (summary judgment for Parole Board in declaratory judgment action affirmed on grounds denial of parole did not violate constitutional rights),

---

[2]Missouri Supreme Court Rule 87.02 provides in relevant part:

(c)  Declaratory Judgment in Respect to Agency Rules. The power of the courts of this state to render declaratory judgments shall extend to declaratory judgments respecting the validity of agency rules, or of threatened applications thereof, and such suits may be maintained against agencies whether or not the plaintiff has first requested the agency to pass upon the question presented.

-5-

cert. denied, 114 S. Ct. 2718 (1994); McKown v. Mitchell, 869 S.W.2d 765 (Mo. App. 1993) (summary judgment for chairman of Parole Board in declaratory judgment action affirmed on grounds that prisoner did not have a protectible liberty interest in parole on the facts).

Second, other recent Missouri cases suggest that a challenge to a parole decision may also be brought by means of a state petition for habeas corpus under Missouri Supreme Court Rule 91.01.[3] See, e.g., Shields v. Purkett, 878 S.W.2d 42 (Mo. 1994) (en banc) (on petition for writ of habeas corpus after parole denial, writ of mandamus issued to Parole Board to hold new parole hearing under correct statute and regulations); Mitchell v. Dalton, 831 S.W.2d 942 (Mo. App. 1992) (review of parole denial not appropriate under Missouri Administrative Procedure Act but may be available on petition for habeas corpus or in a declaratory judgment action). Cf. Brown v. Missouri Bd. of Probation & Parole, No. 68,353 (Mo. Sept. 16, 1986) (petition for habeas corpus denied on merits of claim that cancellation of previously announced but unexecuted parole release violated constitution). Cf. also Smith v. Missouri, 741 S.W.2d 727 (Mo. App. 1987) (petition for habeas corpus rather than postconviction motion held proper means to challenge incarceration after parole revocation).[4]

---

[3]Missouri Supreme court Rule 91.01 provides in relevant part:

Who May Petition for a Writ of Habeas Corpus -- Form of Action

Any person restrained of liberty within this state may petition for a writ of habeas corpus to inquire into the cause of such restraint. . . .

[4]For a thorough discussion of the interplay of habeas corpus and declaratory judgment actions in Missouri, see the opinion of Judge Oliver in Brown v. Missouri Bd. of Probation & Parole, 727 F. Supp. 524 (W.D. Mo. 1989) (challenge to cancellation of previously announced but unexecuted parole decision properly brought in state habeas corpus action; State contention that petitioner had not exhausted his state remedies because he filed a petition for habeas corpus rather than a declaratory judgment action rejected).

Finally, there are also several Missouri cases where relief from parole denial has been either sought or granted by means of a writ of mandamus to the Parole Board pursuant to Missouri Supreme Court Rule 94.[5] See, e.g., Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995) (en banc) (on petition for mandamus the court considered the merits of prisoner's claim that he was denied parole in violation of law); Shields v. Purkett, 878 S.W.2d 42 (Mo. 1994) (en banc) (writ of habeas corpus denied but writ of mandamus issued to parole board on prisoner's claim that parole denial violated law); Williams v. Gammon, 912 S.W.2d 80 (Mo. App. 1995) (petition for writ of mandamus after parole denial considered on the merits).

In light of these Missouri cases, we cannot agree with the State's contention here that a declaratory judgment action is the exclusive means for challenging parole denial in Missouri; the Missouri courts have simply not so held. Accordingly, we decline to find that the Missouri courts which ruled on Wayne's state petition for habeas corpus acted without jurisdiction. We leave to the able courts of Missouri any further clarification or change in the status of its law. For present purposes, we conclude only that petitioner Wayne's state petition for habeas corpus appears to have been an accepted means of contesting his parole denial.

In any event, as Wayne points out, the Missouri trial court clearly ruled on the merits of his state and federal constitutional claims, finding that he had no protectible interest in parole. There is no indication in the trial court's memorandum opinion that its denial of Wayne's request for relief was on procedural or jurisdictional grounds. Similarly, there is no indication, nor any

---

[5]Missouri Supreme Court Rule 94.03 provides in relevant part:

Application for a writ of mandamus shall be made by filing a petition in mandamus in the appropriate court. The petition in mandamus shall contain a statement of the facts, the relief sought, and a statement of the reasons why the writ should issue.

-7-

argument by the State, that any procedural or jurisdictional objection to the state petition for habeas corpus was raised in the Missouri supreme court which summarily affirmed the trial court's order. In such circumstances, we believe that the only reasonable interpretation of the Missouri courts' actions is that they rejected Wayne's petition on the merits. Cf. Weekley v. Jones, 927 F.3d 382, 386 (8th Cir. 1991).

Having thus presented his federal constitutional claims to the Missouri circuit and supreme courts, we do not believe that either the exhaustion doctrine or the policy of comity which underlies it requires Wayne to present his claims again to the Missouri courts. All that is required to satisfy the exhaustion doctrine is that the federal claims be fairly presented to the state courts in one full round of litigation. Kolocotronis v. Holcomb, 925 F.2d 278 (8th Cir. 1991) (federal district court order of dismissal for failure to exhaust state remedies reversed; petitioner seeking release from state hospital need only present claims to state courts in one full round of litigation). Raising a claim in one full set of proceedings exhausts it, even if other state remedies remain available. See, e.g., Ylst v. Nunnemaker, 501 U.S. 797, 800 n.1 (1991) (prisoner exhausted his federal claim by presenting it on direct appeal and was not required to pursue state habeas corpus); Castille v. Peoples, 489 U.S. 346, 350 (1989) (once the state courts have ruled on a claim on direct review, it is not necessary for petitioner to ask for collateral review of the same claim); Wilwording v. Swenson, 404 U.S. 249, 250 (1971) ("Section 2254 does not erect . . . successive barriers to the invocation of federal habeas corpus."). And comity interests are satisfied so long as state courts have had an opportunity to redress petitioner's claims. See, e.g., Keeney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992) (exhaustion doctrine, founded on comity concerns, affords the state a full and fair opportunity to address the federal claims on the merits); Coleman v. Thompson, 501 U.S. 722, 731 (1991) (states should have first opportunity to address violations of state

prisoner's federal rights).

**MERITS OF WAYNE'S CLAIM**

Because neither the magistrate judge nor the district court considered the merits of Wayne's claims, we decline the petitioner's invitation to rule that he has a protectible liberty interest in parole which was denied by the application of the wrong parole statute and regulations. This issue has a long and complicated history both in our court[6] and in the Missouri courts[7]. We believe it prudent to allow the district court to develop the record and address petitioner's claims on the merits before we offer any opinion on the matter.

For the reasons stated above, the judgment of the district court is reversed and the case is remanded for further proceedings

---

[6]Based on the Supreme Court's decision in Greenholtz v. Inmates of Nebraska Penal & Correctional Complex, 442 U.S. 1 (1979), we held in Williams v. Missouri Bd. of Probation & Parole, 661 F.2d 697 (8th Cir. 1981), cert. denied, 455 U.S. 993 (1982), that the mandatory language in Missouri's former parole statute, R. S. Mo. § 549.261 (1978), created in Missouri prisoners sentenced under that statute a liberty interest in parole release protected by due process considerations. In response, Missouri adopted a new statute with discretionary rather than mandatory language. R.S. Mo. § 217.690 (1986). We have discussed the issue of the Missouri parole board's application of the language of the new statute to prisoners sentenced under the old statute in several subsequent decisions. See, e.g., McCall v. Delo, 41 F.3d 1219 (8th Cir. 1994), cert. denied, 115 S. Ct. 2623 (1995); Parton v. Armontrout, 895 F.2d 1214 (8th Cir.), cert. denied, 498 U.S. 879 (1990); Maggard v. Wyrick, 800 F.2d 195 (8th Cir. 1986). cert. denied, 479 U.S. 1068 (1987); Burnside v. White, 760 F.2d 217 (8th Cir.), cert. denied, 474 U.S. 1022 (1985).

[7]The Missouri Supreme Court has addressed the problems created by the parole board's application of the current statute to prisoners sentenced under the previous statute in two recent en banc decisions, Cavallaro v. Groose, 908 S.W.2d 133 (Mo. 1995) (en banc) (no new hearing required where old and new statutes would lead to same parole decision); Shields v. Purkett, 878 S.W.2d 42 (Mo. 1994) (en banc) (new hearing required under parole statute in effect at time of offenses). For a cogent synthesis of Cavallaro and Shields, see Williams v. Gammon, 912 S.W.2d 80 (Mo. App. 1995).

-9-

not inconsistent with this opinion.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.