# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 97-2893

_____

Loren Glen Huss, Jr.,

        Appellant,

    v.

Herb Maschner, Warden,

        Appellee,

\*
\*
\*
\*
\*  Appeal from the United States
\*  District Court for the
\*  Southern District of Iowa.
\*
\*    [UNPUBLISHED]

_____

Submitted: November 4, 1998
Filed: November 9, 1998

_____

Before FAGG, BEAM, and LOKEN, Circuit Judges.

_____

PER CURIAM.

Loren Glenn Huss, Jr., an Iowa inmate, appeals from the district court's[1] denial of a writ of habeas corpus pursuant to 28 U.S.C. § 2254. We affirm.

In June 1987, Huss was convicted of and sentenced to life imprisonment for the murder of his former girlfriend. During the trial proceedings, Huss's attorney and the prosecutor, confident that Huss would be found not guilty by reason of insanity,

_____

[1]The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa.

negotiated an agreement to waive a jury trial and to submit the case on a stipulated record. The trial judge found the stipulated evidence insufficient to support Huss's insanity defense, however, and scheduled the case for a jury trial which resulted in Huss's conviction.

On direct appeal to the Iowa Supreme Court, Huss argued that the trial judge placed him in double jeopardy, in violation of the Fifth Amendment, by trying him twice for the same crime. The Iowa Supreme Court affirmed Huss's conviction, concluding that jeopardy had attached when the case was submitted on a stipulated record, but also concluding that Huss was retried to protect his interests and without violating the Fifth Amendment. See State v. Huss, 430 N.W.2d 621, 623-25 (Iowa 1988), cert. denied, 490 U.S. 1024 (1989). Huss later raised the double jeopardy claim and other claims in a post-conviction motion, which was denied at the state trial court level, and he appealed to the Iowa Court of Appeals.

While his state post-conviction appeal was pending, Huss filed the instant petition (two prior petitions had been dismissed for failure to exhaust state remedies) raising the double jeopardy claim. Concluding that Huss again had failed to exhaust state remedies, the district court dismissed the petition without prejudice. While this appeal was pending, the Iowa Court of Appeals denied Huss's post-conviction appeal, concluding as relevant here that Huss was barred from relitigating the double jeopardy claim in post-conviction proceedings as the issue already had been resolved in his direct appeal.

We review the district court's conclusions of law de novo and its findings of fact for clear error. See Bounds v. Delo, 151 F.3d 1116, 1118 (8th Cir. 1998). As a prerequisite to habeas corpus relief, a petitioner must exhaust available state remedies. See Vasquez v. Hillery, 474 U.S. 254, 257 (1986). A petitioner's state remedies are exhausted when the state's highest court has had an opportunity to rule on the factual and theoretical substance of the petitioner's claims. See Schneider v. Delo, 85 F.3d

335, 339 (8th Cir.), cert. denied, 117 S. Ct. 530 (1996). Because the instant petition raised only the double jeopardy claim, which was considered and rejected by the Iowa Supreme Court in Huss's direct criminal appeal, we conclude the claim was exhausted when Huss filed the instant petition. See Wayne v. Missouri Bd. of Probation & Parole, 83 F.3d 994, 998 (8th Cir. 1996) (if petitioner has raised claim in one full set of proceedings, state remedies are exhausted).

We also conclude, however, that Huss is not entitled to relief based on his double jeopardy claim. Even though jeopardy attached when the state trial judge began to hear the evidence, see Bally v. Kemna, 65 F.3d 104, 107 (8th Cir. 1995), cert. denied, 516 U.S. 1118 (1996), the trial judge did not finally resolve the merits of the charges against Huss and thus was not barred under the Double Jeopardy Clause from subjecting Huss to a jury trial, see Shaw v. Norris, 33 F.3d 958, 961 (8th Cir. 1994) (Fifth Amendment prohibits second prosecution of defendant for same offense after acquittal or conviction); United States v. Dixon, 913 F.2d 1305, 1310 (8th Cir. 1990) (retrial is not automatically barred under Double Jeopardy Clause when criminal proceeding is terminated without finally resolving merits of charges against accused).

Accordingly, we affirm the district court's dismissal of the instant petition, see Cooksey v. Delo, 94 F.3d 1214, 1218 (8th Cir. 1996) (this court may affirm on any basis supported by record), cert. denied, 118 S. Ct. 624 (1997), although we modify the dismissal to be with prejudice.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-3-